The STATE of Ohio, Appellee,

v.

CHAMBERS, Appellant.

[Cite as *State v. Chambers,* 151 Ohio App.3d 243, 2002-Ohio-7345.]

Court of Appeals of Ohio,
Eleventh District, Lake County.

No. 2001–L–178.

Decided Dec. 31, 2002.

244

Charles E. Coulson, Lake County Prosecuting Attorney, and Amy E. Cheatham, Assistant Prosecuting Attorney, for appellee.

R. Paul LaPlante, Lake County Public Defender, and Vanessa R. Clapp, Assistant Public Defender, for appellant.

Donald R. Ford, Judge.

{¶ 1} Appellant, Lewis T. Chambers, appeals from the September 7, 2001 judgment entry of the Lake County Court of Common Pleas.

{¶ 2} On October 22, 1996, the Lake County prosecutor charged appellant by information with four counts: Count One was for kidnapping, a violation of R.C. 2905.01 and a second-degree felony; Counts Two, Three, and Four were for gross sexual imposition, violations of R.C. 2907.05 and felonies of the third degree. Appellant entered a written plea of guilty on all four counts on December 18, 1996. The trial court accepted appellant's guilty plea in a December 23, 1996 judgment entry. On January 15, 1997, the trial court sentenced appellant to a term of five years on Count One and two years on Counts Two, Three, and Four, with the sentences to run concurrently.

{¶ 3} Appellant appeared before the trial court on August 30, 2001, for a sexual offender classification hearing. The trial court had previously ordered a psychiatric evaluation of appellant. Appellant was evaluated by Dr. John Fabian ("Dr. Fabian"), who found that appellant was not competent to understand the nature of a sexual offender classification hearing. Appellant was 83 years of age at the time of the evaluation.

{¶ 4} At the sexual offender classification hearing, the state stipulated that Dr. Fabian's report was authentic but declined to stipulate as to the findings and conclusions of the report. The trial court, nevertheless, found that appellant was not competent. The trial court also found that appellant was not a sexual

predator, but did find that he was a sexually oriented offender. The trial court further observed that, in view of appellant's lack of comprehension of the proceedings, appellant would not be able to comply with the registration require-ments imposed on sexually oriented offenders.[1]

{¶ 5} Appellant has filed a timely appeal of the September 7, 2001 judgment entry and makes the following assignment of error:

{¶ 6} "The trial court committed reversible error when it held a sexual predator classification hearing after [appellant] had been found incompetent."

{¶ 7} Appellant argues that it was a violation of his due process rights to hold a sexual offender classification hearing after he had been determined to be incompetent to understand the proceedings. Appellant's argument is premised on the view that sexual predator determinations are similar to probation revoca-tion hearings and that the due process rights accorded to a defendant at a probation revocation hearing, including the right to be heard and confront witnesses, would be rendered void if the defendant were incompetent.

{¶ 8} The Tenth Appellate District addressed the issue of whether a defen-dant must be competent in order for a trial court to proceed with a sexual predator hearing in *State v. Kendrick* (Sept. 30, 1999), 10th Dist. No. 98AP–1305, 1999 WL 771006. The *Kendrick* court defined the issue in terms of R.C. 2945.37(B), which provides: "[I]n a *criminal action* in a court of common pleas, a county court, or a municipal court, the court, prosecutor, or defense may raise the issue of the defendant's competence to stand trial. If the issue is raised before the trial has commenced, the court shall hold a hearing on the issue as provided in this section. If the issue is raised after the trial has commenced, the court shall hold a hearing on the issue only for good cause shown or on the court's own motion." (Emphasis added.) In the context of R.C. 2945.37(B), the *Kendrick* court observed that a sexual predator hearing is civil in nature; therefore, 2945.37 does not apply, and the defendant was not entitled to a competency hearing. *Kendrick*, supra, at * 2.

{¶ 9} We are in agreement with the *Kendrick* court that sexual predator hearings are essentially civil in nature. *State v. Tennyson* (Dec. 7, 2001), 11th Dist. No. 2000–L–115, 2001 WL 1561046, at * 5; *State v. Barnes* (Dec. 22, 2000), 11th Dist. No. 99–T–0068, 2000 WL 1876741, at * 1; *State v. Petersime* (July 28, 2000), 11th Dist. No. 99–T–0159, 2000 WL 1041328, at * 2. However, we do not agree with the implication of the Tenth Appellate District's analysis that a

---

1.  . Pursuant to R.C. 2950.07(B)(3), a sexually oriented offender's duty to register with the county sheriff continues for ten years.

defendant's right to be heard and to confront witnesses is not impinged on by his lack of competency outside the context of a criminal trial. The fact that the Ohio legislature has chosen to enunciate the right to a competency determination in a criminal trial does not preclude the possibility of that right existing in other circumstances.

{¶ 10} In *Morrissey v. Brewer* (1972), 408 U.S. 471, 489, 92 S.Ct. 2593, 33 L.Ed.2d 484, the Supreme Court determined that a parolee had due process rights with respect to a parole revocation hearing. Those rights include the opportunity to be heard and to present witnesses and the right to confront and cross-examine adverse witnesses. Id. The Supreme Court extended those same due process rights to probationers in *Gagnon v. Scarpelli* (1973), 411 U.S. 778, 782, 93 S.Ct. 1756, 36 L.Ed.2d 656. In *State v. Qualls* (1988), 50 Ohio App.3d 56, 58, 552 N.E.2d 957, the Tenth Appellate District addressed the issue of whether the defendant in a probation revocation proceeding had the right to a competency hearing. The *Qualls* court noted that the minimal due process rights set forth for such a hearing in *Morrissey,* including the opportunity of the defendant to be heard and present witnesses and the right to confront and cross-examine witnesses, "may be rendered null if the defendant is not competent to understand and to participate in or to assist counsel in participating in the proceedings." Id. The *Qualls* court concluded that in probation revocation proceedings "the decision to hold a competency hearing must be made on a case-by-case basis in the exercise of the sound discretion of the trial court." Id.

{¶ 11} Other jurisdictions are in accord with the Tenth Appellate District on the right of a defendant to a competency determination prior to a probation or parole revocation hearing. In *Commonwealth v. Megella* (1979), 268 Pa.Super. 316, 408 A.2d 483, the Superior Court of Pennsylvania observed that "the revocation of probation and subsequent re-sentencing of a defendant who is mentally incapable of participating in the proceeding is a violation of due process * * *." The Supreme Court of Washington has held that due process requires that a parolee whose competency has been called into question, under the standards applicable to criminal proceedings, be given a competency evaluation prior to his final parole revocation hearing. *Pierce v. Dept. of Social & Health Serv.* (1982), 97 Wash.2d 552, 646 P.2d 1382, 1384. In holding that a probationer has a due process right to a competency determination if the judge presiding over his revocation hearing has reason to doubt the probationer's competency, the Supreme Court of Wisconsin explained that an incompetent probationer cannot present witnesses, confront and cross-examine adverse witnesses, dispute the accusations of probation violation, or argue the appropriateness of revocation. *State ex rel. Vanderbeke v. Endicott* (1997), 210 Wis.2d 502, 563 N.W.2d 883, 888.

{¶ 12}  The Second Appellate District of Illinois has addressed the issue of whether a defendant facing revocation of his conditional release under Illinois's Sexually Dangerous Persons Act was entitled to a competency determination prior to the commencement of the revocation hearing.  *People v. Davis* (1984), 127 Ill.App.3d 49, 82 Ill.Dec. 110, 468 N.E.2d 172.  The *Davis* court noted that the statute governing such hearings provided the defendant with the right of confrontation and cross-examination.  Id. at 177, 82 Ill.Dec. 110, 468 N.E.2d 172. The court concluded that "[t]he intelligent exercise of [those] rights [would be] prevented if a defendant [was] unfit";  therefore, a defendant was entitled to a fitness hearing prior to the revocation proceeding.  Id. at 180, 82 Ill.Dec. 110, 468 N.E.2d 172.

{¶ 13}  In spite of the essentially civil nature of a sexual offender classification hearing, the Ohio legislature has specified that the offender shall have certain rights at the hearing.  R.C. 2950.09(B)(2) provides that "the offender * * * shall have an opportunity to testify, present evidence, call and examine witnesses and expert witnesses, and cross-examine witnesses and expert witnesses regarding the determination as to whether the offender * * * is a sexual predator."  These are the same rights that courts, in the context of parole and probation revocation hearings, have recognized cannot be effectively exercised if the defendant is incompetent.  We are in accord with those jurisdictions that have held that a defendant's right to testify, present evidence, and confront adverse witnesses is effectively rendered meaningless by the defendant's incompetency.  In view of the foregoing, we hold that the trial court's decision to proceed with appellant's sexual predator hearing, after it found that appellant was incompetent, was a violation of the due process rights granted to appellant in R.C. 2950.09.

{¶ 14}  However, the Supreme Court of Ohio has held that a trial court need not hold a hearing to determine that an individual convicted of a sexually oriented offense is a sexually oriented offender.  *State v. Hayden,* 96 Ohio St.3d 211, 2002-Ohio-4169, 773 N.E.2d 502, ¶ 15.  Once an individual is convicted of a sexually oriented offense, he is automatically classified as a sexually oriented offender and must comply with the registration requirements of R.C. 2950.04. Id. The *Hayden* court observed that there was no evidence that an individual convicted of a sexually oriented offense could present at a hearing that would cause the trial court to determine that he was not a sexually oriented offender. Id.

{¶ 15}  This court is most aware of the concept that an intermediary appellate court is bound to apply the holdings and policies enunciated by its supreme court

in the name of stare decisis. However, an occasional nondeferential rhetorical exercise may be good for the soul without casting what might be characterized as an animadversion. Query—Is it not a disharmonious paradox when an individual who is legally incompetent cannot during that state be tried for a crime; and that one who is competent when convicted and sentenced may not be the subject of the death penalty if incompetence ensues; yet, as a result of a proclamation "by operation of law," the same incompetent individual may be anointed with a negative status without benefit of clergy or a meaningful substantive hearing?

{¶ 16} Perhaps even more puzzling is the evident resulting conundrum as to how an individual in the throes of Alzheimer's disease would functionally be able to comply with the annual registration requirements for a period of ten years as set forth in R.C. 2950.07(B)(3). Again, ours "is not to reason why" some logic defies logic, but to dutifully accept the syllogism. We will await the intervention of the serendipity singers and an applicable Polish proverb.

{¶ 17} Applying the holding of *Hayden* to the facts of the instant case, we conclude that although the trial court erred in proceeding with a sexual predator hearing after finding appellant incompetent, it did not err in finding that appellant was a sexually oriented offender, since appellant's guilty plea to the three counts of gross sexual imposition automatically conferred upon him the status of sexually oriented offender. Therefore, appellant's sole assignment of error is without merit.

{¶ 18} For the foregoing reasons, the judgment entry of the Lake County Court of Common Pleas is hereby affirmed.

Judgment affirmed.

WILLIAM M. O'NEILL, P.J., and DIANE V. GRENDELL, J., concur.