OPINION.
{¶ 1} Defendant-appellant Douglas Cooper appeals from the trial court's judgments of December 2003 imposing a fifteen-day period of incarceration in the Hamilton County Justice Center for failing to complete a work-release program and notifying Cooper of his duty to register as a sexually oriented offender. The hearing giving rise to the judgments was held nearly five years after Cooper had entered a plea of guilty and was convicted of the gross sexual imposition of his daughter in violation of R.C.2907.05(A)(1), a fourth-degree felony.
 {¶ 2} Relying on this court's decision in State v. Anthony,
1st Dist. No. C-030510, 2004-Ohio-3894, ¶ 22, Cooper argues that since he is not a sexual predator, but merely a sexually oriented offender, the trial court could not constitutionally require him to register with the sheriff. He also argues that he was prejudiced by the modifications to his sentence imposed by the trial court at the delayed hearing. Cooper was not prejudiced by the modifications to his sentence. Moreover, because an individual convicted of a sexually oriented offense is automatically classified as a sexually oriented offender who must comply with the registration requirements of R.C. 2950.04 through 2590.06, and because there is a rational relationship between requiring those convicted of a sexually oriented offenses to register and protecting the safety and general welfare of the state's citizens, we affirm the judgment of the trial court.
 FACTS {¶ 3} After admitting to his Alcoholics Anonymous counselor that he had sexual contact with his daughter, Cooper was charged with gross sexual imposition. He entered a plea of guilty and was found guilty as reflected by a journalized judgment entry of conviction entered on January 29, 1999. At sentencing, the trial court did not inform Cooper that he had been convicted of a sexually oriented offense and thus was required to register and annually verify his address with the sheriff in the county where he resided. After receiving favorable statements from Cooper's therapist and with the approval of his wife, the trial court sentenced Cooper to a five-year community-control sanction. As a separate community-control sanction, Cooper was also ordered to complete a 90-day work-release program at Talbert House. Cooper did not participate in the work-release program because Talbert House did not then admit convicted sexual offenders into its programs.
 {¶ 4} No one informed the trial court of this fact until 2003. Cooper, who was then divorced, appeared with counsel before the trial court at hearings held in November and December 2003, while he was still under the five-year community-control period that began on January 29, 1999. At the first hearing, the trial court admitted that it had failed to conduct a sexual-classification hearing when it sentenced him in January 1999, or to inform him that he was required, by operation of law, to register and verify his address annually with the sheriff for ten years from the date of sentence. The court then provided the required notice to register and journalized its findings.
 {¶ 5} At the hearings, the trial court also discovered that Cooper had never completed the 90-day work-release program at Talbert House. The trial court deemed this failure a violation of the community-control sanctions imposed in 1999, and in lieu of Talbert House ordered Cooper to serve fifteen day's confinement in the Hamilton County Justice Center. Cooper appealed and moved for stays of execution of the sentence both in the trial court and in this court. The motions were overruled.
 SEXUALLY ORIENTED OFFENDERS MUST REGISTER {¶ 6} Cooper filed his appellate brief on April 26, 2004. Three months later, on July 23, 2004, this court released its decision in State v. Anthony, which held, inter alia, that "the registration requirements of R.C. 2950.04 through 2950.06 are unconstitutional as applied to sexually oriented offenders." Id. at ¶ 22, quoting State v. Boeddeker (Feb. 13, 1998), 1st Dist. No. C-970471. Three weeks later, Cooper moved this court for leave to file an amended brief to add an assignment of error claiming that the rule of Anthony would dispose favorably of his appeal. This court overruled the motion.
 {¶ 7} Pursuant to App.R. 21(H) and this court's August 26, 2004, entry, Cooper then filed a Notice of Supplemental Authority with a copy of Anthony attached and urged again that Anthony
"is directly on point with the case at bar." Ordinarily, a court of appeals does not review an assignment of error not properly raised in a brief. See App.R. 16(A). However, the court may, in the interest of justice, consider errors that an appellant has failed to assign or to brief. See App.R. 12(A)(2); see, also,Hawley v. Ritley (1988), 35 Ohio St.3d 157, 159,519 N.E.2d 390. Therefore, we recast Cooper's notice of supplemental authority as an additional assignment of error in which Cooper asserts that State v. Anthony and State v. Boeddeker require that the trial court's order directing him to register as a sexually oriented offender be vacated.
 Classes of Sexual Offenders {¶ 8} Ohio's sex-offender registration scheme provides for three classes of sex offenders: habitual sex offenders, sexual predators, and sexually oriented offenders. See R.C. 2950.09; see, also, State v. Williams, 88 Ohio St.3d 513, 518, 2000-Ohio 428, 728 N.E.2d 342, certiorari denied sub nom. Suffecool v.Ohio (2000), 531 U.S. 902, 121 S.Ct. 241.
 {¶ 9} In enacting the scheme, the General Assembly concluded that criminal defendants who have been adjudicated as "[s]exual predators and habitual sex offenders pose a high risk of engaging in further offenses * * * and that protection of members of the public from sexual predators and habitual sex offenders is a paramount governmental interest." Former R.C. 2950.02(A)(2), quoted in State v. Cook, 83 Ohio St. 3d 404, 406,1998-Ohio-291, 700 N.E.2d 570. Because of the risk of recidivism, sexual predators and habitual sexual offenders must regularly report their whereabouts to local authorities and must notify the community of their presence, thus providing the public with adequate notice and information about the offenders. See Statev. Williams, 88 Ohio St.3d at 534, 2000-Ohio-428,728 N.E.2d 342.
 {¶ 10} By contrast, a sexually oriented offender is a person who has committed a sexually oriented offense as defined in R.C.2950.01(D), but who does not meet the definition of either a habitual sex offender or a sexual predator. See State v.Williams, 88 Ohio St.3d at 519, 2000-Ohio-428, 728 N.E.2d 342; see, also, State v. Hayden, 96 Ohio St.3d 211, 2002-Ohio-4169,773 N.E.2d 502, paragraph two of the syllabus.
 The Risk Posed By Sexually Oriented Offenders {¶ 11} Cooper's principal argument relies on the canon of statutory construction expressio unius est exclusio alterius, meaning the mention of one thing is the exclusion of another. See, e.g., Maggiore v. Kovach, 101 Ohio St.3d 184,2004-Ohio-722, 803 N.E.2d 790, at ¶ 18. Cooper, following Statev. Anthony, argues that when the General Assembly and the courts concluded that sexual predators and habitual sexual offenders pose a great risk of recidivism, they must have also concluded that sexually oriented offenders do not pose such a risk to the community. As this court stated in State v. Pace (May 21, 1999), 1st Dist. No. C-980659, "[h]ence, the argument has been made that those persons who have committed `sexually oriented offenses,' but have not been adjudicated `sexual predators,' are considered not likely to reoffend in the future." This argument ignores the plain language of R.C. Chapter 2950 and its revisions, as well as case law from the Ohio Supreme Court and from this court.
 Legislative Determinations of Risk {¶ 12} Contrary to the assertion by Cooper, the legislature has not remained silent on the risk posed by sexually oriented offenders. In the original 1996 promulgation of Ohio's sex-offender scheme, the General Assembly determined that "in providing in this chapter for registration regarding * * *offenders who have committed sexually oriented offenses * * * it is the general assembly's intent to protect the safety and general welfare of the people of this state." Former R.C.2950.02(B), quoted in State v. Pace, supra (emphasis added).
 {¶ 13} Moreover, the General Assembly, in amending R.C.2950.02, has emphasized its legislative determination that sexually oriented offenders also pose substantial risks to the community. In 2003, the legislature amended R.C. 2505.02(A)(2) by deleting the exclusive reference to sexual predators and habitual sexual offenders. The section now provides that "[s]ex offenders and [juvenile sex] offenders * * * pose a risk of engaging in further sexually abusive behavior even after being released from imprisonment, a prison term, or other confinement or detention, and protection of members of the public from sex offenders and [juvenile sex] offenders * * * is a paramount governmental interest." R.C. Chapter 2950 requires sexually oriented offenders who have not been adjudicated sexual predators or habitual sexual offenders to register and to annually verify there whereabouts with the sheriff in the county where they reside for a period of ten years. See R.C. 2950.04, 2950.06(B)(2) and 2950.07(B)(3).
 {¶ 14} To highlight the seriousness with which it views the acts committed by sexually oriented offenders, the General Assembly has created a fourth class of sex offenders — the registration-exempt sexually oriented offenders — for those who commit some less serious sexual offenses. See R.C. 2950.01(P) and (Q). Applying Cooper's exclusio unius rationale, creating a special class of sexual offenders who are not sexual predators or habitual offenders but who are exempt from registration implies that the General Assembly intended that all other sexually oriented offenders should be compelled to register. In any event, gross sexual imposition committed, as here, by an adult, is a serious crime and is a non-exempt sexually oriented offense. See R.C. 2950.01(D)(1)(a).
 Constitutional Challenges and the Rational-Relation Test {¶ 15} The Ohio Supreme Court and this court have also spoken on the risk posed by sexually oriented offenders, and the rational relation between that risk and the registration requirement. In State v. Williams, 88 Ohio St.3d at 518,2000-Ohio-428, 728 N.E.2d 342 (emphasis added), the Ohio Supreme Court noted that "sexual predators, habitual sex offenders, andother individuals convicted of sexually oriented offenses as defined in R.C. 2950.01" pose a risk to the community. See, also,State v. Golden, 1st Dist. Nos. C-30460 and C-030461, 2004-Ohio-2276, at ¶ 26, jurisdictional motion overruled,103 Ohio St.3d 1429, 2004-Ohio-4524, 814 N.E.2d 491.
 {¶ 16} Acknowledging the legitimate state interest in protecting the public from the risk posed by sex offenders, who do not constitute a suspect class, this court and the Ohio Supreme Court have repeatedly held that non-punitive measures such as registration are civil in nature and pass constitutional muster as a rational exercise of the state's police powers. See, e.g., State v. Cook, (registration and address verification are remedial in nature and do not violate the ban on retroactive or Ex Post Facto laws); State v. Hayden; (no violation of Confrontation Clause); State v. Williams (no violation of equal protection or the prohibitions again double jeopardy and bills of attainder under both the federal and state constitutions, no violation of a citizen's natural-law rights under Section 1, Article I, Ohio Constitution, and no violation of right of privacy); see, also, State v. Lance and State v. Pace.
 {¶ 17} In State v. Pace, this court, acknowledging the supreme court's then recent decision in State v. Cook, held that "that there is a rational relationship between requiring those convicted of a `sexually oriented offense' to register and `protecting the safety and general welfare of the people of this state,'" and we thus rejected an equal-protection challenge to R.C. Chapter 2950 raised by a sexually oriented offender who had not been adjudicated as a sexual predator. This court agreed that the registration and addressverification requirements imposed by operation of law are "de minimis procedural requirements * * * necessary to achieve the [statutory] goals." State v. Cook,83 Ohio St.3d at 404, 1998-Ohio-291, 700 N.E.2d 570.
 {¶ 18} The sexual offenders raising constitutional challenges in State v. Cook had been adjudicated sexual predators. As the dissenting opinion in State v. Pace noted, the Ohio Supreme Court had not yet spoken on whether those constitutional challenges would have resonance when raised by an offender who had not been classified as a sexual predator. We believe that, in its decisions subsequent to State v. Cook, the Ohio Supreme Court has resolved the issue and has decided that sexually oriented offenders are subject to the registration requirements of R.C. 2950.04.
 {¶ 19} In State v. Hayden, paragraph two of the syllabus, the court held that a trial court need not hold a hearing to determine if an individual convicted of a sexually oriented offense is a sexually oriented offender, as "the sexually oriented offender designation attaches as a matter of law." The court noted that when Hayden was convicted of a sexually oriented offense, he "was automatically classified as a sexually oriented offender and therefore must register with the sheriff of the county in which he resides as prescribed by R.C. 2950.04(A)(2)." Id. at ¶ 15; see, also, State v. Chambers, 151 Ohio App.3d 243,2002-Ohio-7345, 783 N.E.2d 965, at ¶ 14.
 {¶ 20} In State v. Williams, the court heard three consolidated appeals raising constitutional challenges to R.C. Chapter 2950, including equal protection. Both defendants Williams and Worthy had not yet been adjudicated sexual predators. Each, like Cooper, was a sexually oriented offender by operation of law. See State v. Williams,88 Ohio St.3d at 513-514, 2000-Ohio-428, 728 N.E.2d 342. The court held that "there is nothing in R.C. Chapter 2950 that infringes upon any fundamental right of privacy or any other fundamental constitutional right that has been recognized by the United States Supreme Court." Id. at 531. In reaching its conclusion, the Ohio Supreme Court stated that "[t]he registration provision, R.C. 2950.04, applies to all three classifications of sex offenders." Id. at 519.
 {¶ 21} We, therefore, hold that once an individual is convicted of a sexually oriented offense, he is automatically classified as a sexually oriented offender and, as long as there is evidence of sexual motivation,[1] he must comply with the registration requirements of R.C. 2950.04 through 2590.07. Cooper's recast assignment of error is overruled. Moreover, the holding in the fifth assignment of error in our decision inState v. Anthony, 1st Dist. No. C-030510, 2004-Ohio-3894, is overruled.
 THE DELAY IN NOTIFICATION OF THE DUTY TO REGISTER {¶ 22} In his first assignment of error, Cooper argues that the trial court erred in imposing the duty to register as a sexually oriented offender nearly five years after the imposition of sentence. The assignment of error must fail, as Cooper's duty to register arose by operation of law, and he was not prejudiced by the trial court's delay in providing the required notification to register.
 {¶ 23} While R.C. 2950.03(A)(2) provides that, at the time of sentencing, the trial court shall notify a sexually oriented offender that he has a duty to register and to verify his address annually with the sheriff in his county of residence, failure to provide the notice does not affect the duty to register. The duty to register does not, as Cooper argues, arise from the hearing or a court order.
 {¶ 24} Rather, a sexually oriented offender's duty to register is imposed by operation of law upon conviction of a sexually oriented offense. See State v. Hayden at ¶ 15. Thus the trial court was not required to perform any act beyond entering a judgment of conviction for gross sexual imposition, a sexually oriented offense, for Cooper's duty to register to arise. But that would not necessarily be true if the trial court attempted to classify Cooper as a sexual predator at a hearing held five years late. For example, R.C. 2950.09(B)(1)(a) mandates that "[t]he judge who is to impose sentence on a person who is convicted of or pleads guilty to a sexually oriented offense * * * shall conduct a hearing to determine whether the offender is a sexual predator if any of the following circumstances apply: (i) Regardless of when the sexually oriented offense was committed, the offender is to be sentenced on or after January 1, 1997, for a sexually oriented offense that is not a registration-exempt sexually oriented offense and that is not a sexually violent offense." See, also, State v. Golden at ¶ 36.
 {¶ 25} The failure to register with the sheriff is a criminal offense punishable here as a fourth-degree felony, pursuant to R.C. 2950.99(A)(1)(a)(ii). Conviction without notification by the trial court that an offender has a duty to register, however, violates the fundamental fairness required by due process of law. In recognition that it was the trial court's failure to notify Cooper of his duty to register that had kept Cooper from registering and annually verifying his address since 1999, the court credited Cooper with the five-year period. Cooper was ordered to register and to continue to verify his address until January 2009, the end of the original ten-year period. See R.C.2950.04, 2950.06(B)(2) and 2950.07(B)(3). As Cooper was not prejudiced by the trial court's failure to provide the required notice to register, see State v. Smith (June 23, 1999), 9th Dist. No. 98CA007070, the assignment of error is overruled.
 MODIFICATION OF THE SENTENCE {¶ 26} In his second and third assignments of error, Cooper contends that the trial court erred when it modified his original sentence of a 90-day work-release program at Talbert House and ordered him to serve fifteen days' confinement in the Hamilton County Justice Center. We disagree.
 {¶ 27} The state, citing an unreported decision of the Eleventh Appellate District, argues that Cooper's appeal of his sentence has been rendered moot by the completion of his entire term of community control and incarceration. The argument overlooks this court's decision in State v. Harris (1996),109 Ohio App.3d 873, 875, 673 N.E.2d 237. In Harris, an appeal from a conviction for domestic violence was not rendered moot by the completion of the term of confinement imposed in the trial court's sentence, when the defendant had moved for and been denied a stay of execution of the sentence. Under those circumstances, serving the confinement was involuntary, thus preventing a finding of mootness. See id. Both the trial court and this court have overruled Cooper's motions for a stay of execution of the sentence. His assignments of error are, therefore, not moot. See App.R. 12(A)(1)(c).
 {¶ 28} The November and December 2003 hearings were held while Cooper was still under the five-year community-control period that began on January 29, 1999. The trial court determined that Cooper had never served the 90-day period at Talbert House, as that facility did not provide its services to convicted sex offenders. The trial court considered this failure to complete the ordered work-release program a violation of the community-control sanction imposed in 1999.
 {¶ 29} Pursuant to R.C. 2929.15(B), if a defendant violates the terms of a community-control sanction, the trial court may impose (1) a longer time under the same sanction; (2) a more restrictive sanction, including local jail time; or (3) a prison term within the range of terms appropriate for the underlying offense. See State v. Sutherlin, 154 Ohio App.3d 765,2003-Ohio-5265, 798 N.E.2d 1137, at ¶ 15; see, also, R.C.2929.16(A)(1).
 {¶ 30} The trial court acted within its statutory authority in imposing a more restrictive, but short duration, sanction. The second and third assignments of error are overruled.
 {¶ 31} Therefore the judgment of the trial court is affirmed.
Judgment affirmed.
Winkler, P.J., and Hildebrandt, J., concur.
[1] See State v. Golden at ¶ 26, which notes that a sexually oriented offender may challenge R.C. Chapter 2950's constitutionality as applied to him where the underlying sexually oriented offense is not sexually motivated. A conviction for gross sexual imposition, as charged in this case, requires proof of sexual contact and is not subject to the exception noted inState v. Golden. See, also, State v. Hickman, 11th Dist. No. 2003-P-0087, 2004-Ohio-3929, at ¶ 18 (abduction was not a sexually oriented offense pursuant to R.C. 2950.01(D) because the facts did not establish that the defendant committed the offense with a sexual motivation).