JOURNAL ENTRY AND OPINION
{¶ 1} Plaintiff-appellant, the State of Ohio, appeals from the judgment of the Common Pleas Court denying its motion for the court to provide notice to defendant-appellee, Anthony Freeman, after his sentencing, that he is subject, as a sexually oriented offender, to the registration requirements of R.C. 2950.04
through 2950.07. For the reasons that follow, we reverse and remand to the trial court for further proceedings consistent with this opinion.
 {¶ 2} The record reflects that Freeman was indicted on ten counts of compelling prostitution of a minor in violation of R.C.2907.01; ten counts of promoting prostitution in violation of R.C. 2907.22, one count of possession of drugs in violation of R.C. 2925.11, and one count of possessing criminal tools in violation of R.C. 2923.24.[1]
 {¶ 3} At a subsequent plea hearing, Freeman pled guilty to four counts of compelling prostitution and four counts of promoting prostitution. With respect to the counts of compelling prostitution, the prosecutor informed the court that "those are felonies of the third degree and punishable by one, two, three, four or five years in prison and up to a $10,000 fine." The record reflects that the prosecutor never mentioned during the plea hearing that Freeman would be subject to reporting requirements as a sexually oriented offender as a result of his plea to the compelling prostitution charges, because the victim was a minor.
 {¶ 4} Likewise, the court did not inform Freeman prior to accepting his plea that he would be subject to reporting requirements if he pled guilty to compelling prostitution of a minor. In explaining the possible penalties for his plea to the charges, the trial judge told Freeman:
 {¶ 5} "And you heard Miss Reali outline a number of offenses. It's anticipated that Mr. Freeman and Miss Langer will plead guilty to a number of compelling prostitutions and promoting prostitutions. Mr. Freeman will plead to eight counts and Miss Langer will plead to six counts. Compelling prostitutions are punishable by — they're felonies of the third degree, punishable by possible prison term of one to five years in yearly increments and possible fines of $10,000.
 {¶ 6} "Promoting prostitutions are felonies of the fourth degree, punishable by possible prison term of between six and eighteen months in monthly increments, possible fines of up to $5,000."
 {¶ 7} The trial court accepted Freeman's guilty plea (and those of his co-defendants), found him guilty of the charges, and nolled the remaining charges.
 {¶ 8} At a sentencing hearing held approximately one month later, the trial court sentenced Freeman to four years incarceration on each of the compelling prostitution charges and 14 months incarceration on the compelling prostitution charges, to be served concurrently. The prosecutor made no mention during this hearing of Freeman's reporting requirements as a sexually oriented offender, nor did the court inform Freeman of the requirements.
 {¶ 9} Approximately three weeks later, the State filed a "motion for [the] court to provide notice to sex offenders pursuant to R.C. 2950.03(A)(2)," in which it asked the court to return Freeman and his co-defendant Cecil King to court so that the court could advise them of their duty to report as sexually oriented offenders pursuant to R.C. 2950.04. The court denied the State's motion.
 {¶ 10} On appeal, the State argues that compelling prostitution of a minor in violation of R.C. 2907.21, to which Freeman pled guilty, is defined as a sexually oriented offense in R.C. 2950.01(D)(2)(b).
 {¶ 11} Pursuant to R.C. 2950.04, "each offender who is convicted of or pleads guilty to * * * a sexually oriented offense * * * shall register with the sheriff of the * * * applicable county" at specified times.
 {¶ 12} The State argues that pursuant to R.C. 2950.03(A)(2), the trial judge is required to provide notice of the offender's duty to register "at the time of sentencing." Therefore, the State contends, because no such notice was given to Freeman at his sentencing, the trial judge is required to now give him such notice.
 {¶ 13} Freeman argues in response that the State never asked for such notice during either the plea hearing or sentencing hearing and thus has waived its right to request such notice "at this late juncture."
 {¶ 14} Both the State's and Freeman's arguments appear to be based on the erroneous assumption that the trial court's notice to a defendant who has pled guilty to a sexually oriented offense of his duty to register with the county sheriff upon his release from prison triggers the duty to register and without such notice, Freeman is not obligated to report. As the Ohio Supreme Court made clear in State v. Hayden, 96 Ohio St.3d 211,2002-Ohio-4169, however, once a defendant is convicted of a sexually oriented offense, he is "automatically classified as a sexually oriented offender and therefore must register with the sheriff of the county in which he resides as prescribed by R.C. 2950.04(A)(2)." Id. at ¶ 15. (Emphasis added). Thus, upon conviction of a sexually oriented offense, the classification and the duty to register arise by operation of law. Id.; see, also,State v. Moncrief, Cuyahoga App. No. 85479, 2005-Ohio-4812, at ¶ 23; State v. Grider (2001), 144 Ohio App.3d 323; State v.Mickey (Apr. 5, 2001), Cuyahoga App. No. 77889. Accordingly, although the trial court should have given Freeman notice at his sentencing of his duty to report, its failure to do so does not affect his duty to register.
 {¶ 15} In its brief on appeal, the State argues that the trial court should give notice to Freeman that he is subject to a sexual predator hearing pursuant to R.C. 2950.09(B). In its motion filed with the trial court, however, the State requested only that the trial judge give notice to Freeman of his duty to report as a sexually oriented offender pursuant to R.C.2950.03(A)(2). As discussed above, no sexual predator hearing is required where a defendant pleads guilty to a sexually oriented offense; the duty to report arises automatically upon conviction.
 {¶ 16} The First Appellate District considered a similar issue in State v. Cooper, Hamilton App. No. C-030921,2004-Ohio-6428. In Cooper, the defendant was charged with gross sexual imposition. He entered a plea of guilty and was found guilty in a judgment entry of conviction entered on January 29, 1999. At sentencing, the trial court did not inform Cooper that he had been convicted of a sexually oriented offense and thus was required to register and annually verify his address with the sheriff in the county where he resided. The trial court sentenced Cooper to a five-year community control sanction and ordered him to participate in a 90-day work-release program.
 {¶ 17} Five years later, in 2003, when Cooper appeared before the trial court for failure to participate in the 90-day work-release program, the trial court admitted that it had not informed Cooper when it sentenced him in 1999 that he was required, by operation of law, to register and verify his address annually with the sheriff for ten years from the date of sentence. The court then provided the required notice to register and journalized its findings.
 {¶ 18} On appeal, Cooper argued that the trial court had erred in imposing the duty to register as a sexually oriented offender nearly five years after the imposition of sentence. The First Appellate District disagreed, finding that Cooper's duty to register arose by operation of law and, further, that he was not prejudiced by the trial court's delay in providing the required notification to register. The court stated:
 {¶ 19} "While R.C. 2950.03(A)(2) provides that, at the time of sentencing, the trial court shall notify a sexually oriented offender that he has a duty to register and to verify his address annually with the sheriff in his county of residence, failure to provide the notice does not affect the duty to register. The duty to register does not, as Cooper argues, arise from the hearing or a court order.
 {¶ 20} "Rather, a sexually oriented offender's duty to register is imposed by operation of law upon conviction of a sexually oriented offense. See State v. Hayden at ¶ 15. Thus the trial court was not required to perform any act beyond entering a judgment of conviction for gross sexual imposition, a sexually oriented offense, for Cooper's duty to register to arise."[2]
 {¶ 21} The First Appellate District further found that Cooper was not prejudiced by the trial court's failure to advise him of his duty to register. In recognition that it was the trial court's failure to notify Cooper of his duty to register that had kept him from registering and verifying his address since 1999, the trial court credited Cooper with the five-year period, and ordered him to register and report until January 2009, the end of the original ten-year period. Id. at ¶ 25.
 {¶ 22} Here, however, Freeman may have been prejudiced by the trial court's failure to notify him of his reporting requirements if he pled guilty to the sexually oriented offense of compelling prostitution of a minor. Crim.R. 11(C) provides, in relevant part:
 {¶ 23} "(2) In felony cases the court * * * shall not accept a plea of guilty * * * without first addressing the defendant personally and doing all of the following:
 {¶ 24} "(a) Determining that the defendant is making the plea voluntarily, with understanding of the nature of the charges and of the maximum penalty involved, and, if applicable, that the defendant is not eligible for probation or for the imposition of community control sanctions at the sentencing hearing.
 {¶ 25} "(b) Informing the defendant of and determining that the defendant understands the effect of the plea of guilty or not contest, and that the court, upon acceptance of the plea, may proceed with judgment and sentence.
 {¶ 26} "(c) Informing the defendant and determining that the defendant understands that by the plea the defendant is waiving the rights to jury trial, to confront witnesses against him or her, to have compulsory process for obtaining witnesses in the defendant's favor, and to require the state to prove the defendant's guilt beyond a reasonable doubt at a trial at which the defendant cannot be compelled to testify against himself or herself."
 {¶ 27} Because Freeman was not informed of the reporting requirement that would automatically arise as a result of his plea, he could argue that he was not adequately informed of "the effect of the plea of guilty" and, therefore, that his guilty plea was not made knowingly, intelligently and voluntarily as required by Crim.R. 11(C). Indeed, Freeman asserts that if he had known of the reporting requirements, he would not have entered a guilty plea.
 {¶ 28} In fact, the record reflects that the State erroneously believed that Freeman and his co-defendants would not be required to report if they pled guilty to compelling prostitution of a minor. One of Freeman's co-defendants, Cecil King, was initially reluctant to plead guilty, so the plea hearing proceeded with respect to Freeman and the two other co-defendants, while King and his lawyer continued discussing the possibility of his plea. After the trial judge had taken pleas from Freeman and the two co-defendants, the judge indicated that she wished to put the proposed plea for King on the record and indicate his rejection of the plea.
 {¶ 29} The prosecutor outlined the charges against King and then stated:
 {¶ 30} "[T]he State of Ohio was prepared to offer the defendant a plea agreement of one count of compelling prostitution and one count of unlawful sexual conduct with a minor, both felonies of the third degree.
 {¶ 31} "However, after further discussion with Mr. Morse [King's attorney], he requested that the State of Ohio consider offering him two counts of compelling prostitution which arefelonies of the third degree, in order so that the defendantwould not have to register if he pleads guilty — which I cameback and told him that the State of Ohio was prepared to do — two felonies of the third degree that are punishable by one to five years in prison and up to a $10,000 fine." (Emphasis added).
 {¶ 32} Although the prosecutor's statement is on the record only with respect to co-defendant King,[3] there is no reason to believe that the same erroneous representation was not made to co-defendant Freeman. In any event, it is apparent from this record that Freeman was not apprised that, as a result of his plea of guilty to compelling prostitution of a minor, he would be deemed a sexually oriented offender and, therefore, subject to the reporting requirements of R.C. 2950.04 through2950.07.
 {¶ 33} We are aware of case law from this district which indicates that the reporting requirements contained in the sexual predator statutes are remedial, not criminal in nature, and therefore, a trial court's failure to inform a defendant of the reporting consequences of his plea does not nullify the plea. See, e.g., State v. Ward (1999), 130 Ohio App.3d 551; State v.Linen (Apr. 29, 1999), Cuyahoga App. Nos. 74070 and 74071. InLinen, however, this court noted that, "despite the claim of defendant's appellate counsel that the court did not advise defendant of these rights, the recorded proceedings tend to indicate that these rights were discussed, albeit off the record." In this case, we are concerned not only that the reporting requirements were not discussed before Freeman entered his plea, but that the State may have affirmatively represented to both Freeman and the court that there were no reporting requirements incident to a plea of compelling prostitution of a minor.
 {¶ 34} Freeman does not argue on appeal, however, nor did he move in the trial court, to vacate his plea. If, in light of the trial court's failure to properly advise him of the effect of his plea, he wishes to withdraw his plea, he should file a motion to vacate in the trial court. We reverse and remand, however, so that the trial court can give notice pursuant to R.C.2950.03(A)(2) of Freeman's duty to report as a sexually oriented offender as a result of his plea to the compelling prostitution charges, should he choose not to move to vacate his plea.
Reversed and remanded.
This cause is remanded for further proceedings consistent with the opinion herein.
It is, therefore, ordered that appellant recover from appellee costs herein.
It is ordered that a special mandate be sent to said court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
Blackmon, concurs.
 Sweeney, P.J., concurs in judgment only.
[1] Freeman was indicted with three co-defendants who were likewise charged with compelling prostitution of a minor, promoting prostitution, drug possession, and possession of criminal tools, as well as unlawful sexual conduct with a minor.
[2] The court noted that this would not be true, however, if the court had attempted, five years after sentencing, to classify Cooper as a sexual predator.
[3] King ultimately pled guilty to two counts of compelling prostitution of a minor.