DECISION.
{¶ 1} On December 2, 1998, Ben Hawkins was convicted of one count of illegal use of a minor in nudity-oriented material in violation of R.C. 2907.323, an offense that was not registration-exempt. He was sentenced to six months' home incarceration and community service. No sexual-offender-classification hearing was held, no sexual-offender adjudication was made, and no notice of Hawkins's duty under former R.C. 2950.07 to register as a sex offender for a ten-year period was given by the court. Hawkins was successfully terminated from probation and his rights to citizenship were restored on November 29, 2001. In November of 2006, the Hamilton County Sheriff notified Hawkins that he was required to register as a sex offender. On November 30, 2006, Hawkins filed a motion for a temporary restraining order preventing the sheriff from posting Hawkins's information on the sex-offender website. After a hearing, the trial court granted a permanent injunction against the sheriff and ordered the sheriff to remove Hawkins's information from the sexual-offender registry. The state has appealed.
 {¶ 2} The state's sole assignment of error alleges that the trial court erred in granting the permanent injunction because Hawkins's sexually-oriented-offender classification and his registration requirement arose by operation of law even though the court did not hold a sexual-offender-classification hearing or enter an order classifying Hawkins as a sexual offender.
 {¶ 3} The sexually-oriented-offender classification arises as a matter of law.[1] No hearing is required to determine whether a defendant is a sexually-oriented *Page 3 
offender.[2] Under former R.C. Chapter 2950, if a defendant had been convicted of a sexually-oriented offense as defined in former R.C. 2950.01(D) and was not a habitual sexual offender or a sexual predator, the sexually-oriented-offender classification attached by operation of law.[3]
 {¶ 4} Under former R.C. Chapter 2950, once an individual had been convicted of a sexually-oriented offense, he was automatically classified as a sexually-oriented offender, and he was required to comply with the registration requirements of former R.C. 2950.04 through former R.C. 2950.07.[4] In State v. Cooper, [5] the defendant was convicted of gross sexual imposition on January 29, 1999. The trial court did not inform Cooper that he had been convicted of a sexually-oriented offense and that he was required to register with the sheriff. Cooper was sentenced to five years' community control and a 90-day work-release program at Talbert House. Cooper did not participate in the work-release program because Talbert House did not admit sexual offenders into its programs. In 2003, Cooper appeared before the trial court because he had failed to complete the work-release program. The court then notified Cooper of his duty to register.
 {¶ 5} We held that Cooper's classification as a sexually-oriented offender and his duty to register arose by operation of law and not by virtue of a sexual-offender-classification hearing or a court order. The trial court was not required to perform any act beyond entering a judgment of conviction for a sexually-oriented offense to trigger Cooper's duty to register. Further, we held that Cooper was not prejudiced by the court's notification five years after his conviction because no *Page 4 
attempt had been made to criminally charge Cooper for failing to register prior to his notification by the trial court.[6]
 {¶ 6} Hawkins argues that Cooper is distinguishable because Cooper was still under community control when the court notified him of his duty to register, while Hawkins was successfully terminated from probation. We disagree. Our holding in Cooper was not based upon the fact that Cooper was still under community control when the trial court provided notification. The basis for our holding was that Cooper had a duty to register that arose by operation of law. Hawkins has that same duty by virtue of his conviction for a sexually-oriented offense.
 {¶ 7} Although the trial court should have notified Hawkins of the duty to register at his sentencing hearing, the court's failure to do so did not affect Hawkins's duty to register.[7] Hawkins was required by law to register until December 2, 2008. The trial court erred in granting the permanent injunction. The assignment of error is sustained.
 {¶ 8} The judgment of the trial court is reversed and the injunction is hereby dissolved.
Judgment reversed and injunction dissolved.
HENDON, P.J., and DINKELACKER, J., concur.
RALPH WINKLER, retired, from the First Appellate District, sitting by assignment.
[1] See State v. Hayden, 96 Ohio St.3d 211, 2002-Ohio-4169,773 N.E.2d 502.
[2] See id.
[3] See id.
[4] See State v. Cooper, 1st Dist. No. C-030921, 2004-Ohio-6428.
[5] See id.
[6] See id.
[7] See id.; State v. Freeman, 8th Dist. No. 86740,2006-Ohio-2583. *Page 1