The STATE of Ohio, Appellee,

v.

SUTHERLIN, Appellant.

[Cite as *State v. Sutherlin*, 154 Ohio App.3d 765, 2003-Ohio-5265.]

Court of Appeals of Ohio,
First District, Hamilton County.

No. C–020715.

Decided Oct. 3, 2003.

Michael K. Allen, Hamilton County Prosecuting Attorney, and Timothy J. McKenna, Assistant Prosecuting Attorney, for appellee.

Langdon & Shafer and Jeffrey A. Shafer, for appellant.

DOAN, Presiding Judge.

{¶ 1} Defendant-appellant, Adrian Sutherlin, appeals from the trial court's judgment revoking his community control and imposing a term of incarceration. Sutherlin originally pleaded guilty to and was convicted of one count of robbery and three counts of kidnapping, all second-degree felonies. He also pleaded guilty to the firearm specifications related to these charges. The court sentenced him to serve one year in prison on the firearm specifications, followed by four years of community control.

{¶ 2} After Sutherlin was released from prison, he began serving his community control. A few months later, the court found that he had violated the conditions of his community control by failing to notify his probation officer of his change of address and, by failing to perform his community service. The court continued his community control but warned him that if he violated the conditions of his community control again, he would get the maximum sentence. A short time later, the court again found that Sutherlin had violated the conditions of his community control by failing to perform his community service. The court again continued his community control.

{¶ 3} Subsequently, Sutherlin was indicted on two counts of aggravated robbery and two counts of robbery. This indictment resulted from the armed robbery of two separate victims. As a result of these charges, a complaint was filed alleging that Sutherlin had violated the conditions of his community control by committing the robberies. It also alleged that he had failed to perform his community service.

{¶ 4} Following a jury trial, Sutherlin was acquitted of all of the new criminal charges. Nevertheless, the court ordered a community-control revocation hearing, explaining that the jury verdict had been rendered on the reasonable-doubt standard and that the court wanted a full hearing on the matter on the lesser standard of preponderance of the evidence. The court also stated that it "would go along with the jury verdict" as to one victim because that victim had very little opportunity to identify the perpetrator. But the court felt that the evidence as to the second victim was stronger and ordered the revocation hearing to go forward relating to the robbery of that victim.

{¶ 5} At the hearing, the transcript of the jury trial was admitted into evidence. The second victim again testified about the circumstances of the robbery and identified Sutherlin as the perpetrator. Sutherlin's probation officer also testified that he was ordered to perform 299 hours of community service and that he had completed only 49 hours. He reported that Sutherlin was ordered to "go to community service once a week," but that he would "go a week" and "skip a week."

{¶ 6} The trial court found by a preponderance of the evidence that Sutherlin had committed the robbery of the second victim and that he had violated the terms of his community control. The court sentenced him to two years' imprisonment on the original robbery count. It also sentenced him to concurrent terms of two years' imprisonment on the three kidnapping counts, which were then made consecutive to the sentence on the robbery count. This appeal followed.

{¶ 7} Sutherlin presents two assignments of error for review. In his first assignment of error, he contends that the trial court erred in finding that he had violated his community control. He argues that the revocation hearing and the court's ensuing sentence violated the Double Jeopardy Clause of the United States Constitution because he had already been acquitted of the offenses that constituted the community-control violations. We find this assignment of error to be well taken.

{¶ 8} The Ohio Supreme Court has held that parole and probation may be revoked even though criminal charges based on the same facts are dismissed, the defendant is acquitted, or the conviction is overturned, unless all factual support for the revocation is removed. *Barnett v. Ohio Adult Parole Auth.* (1998), 81

Ohio St.3d 385, 387, 692 N.E.2d 135; *Zanders v. Anderson* (1996), 74 Ohio St.3d 269, 271–272, 658 N.E.2d 300.   In this case, the trial court revoked Sutherlin's community control based solely on the robbery of the second victim.   Sutherlin was acquitted of criminal charges related to that robbery, thus removing factual support for revocation on that basis.   Sutherlin was forced to "run the gauntlet twice" on that charge, notwithstanding the different burdens of proof.   Consequently, revocation of his community control based on the robbery violated the Double Jeopardy Clause.   See *Ashe v. Swenson* (1970), 397 U.S. 436, 445–446, 90 S.Ct. 1189, 25 L.Ed.2d 469; *State ex rel. Dowdy v. Baird* (1983), 3 Ohio St.3d 10, 3 OBR 307, 444 N.E.2d 1032.   Accordingly, we sustain Sutherlin's first assignment of error on that basis.

{¶ 9} Nevertheless, the state also presented evidence that Sutherlin had also violated the terms of his community control by failing to perform his community service.   The trial court based its finding that Sutherlin had violated the terms of his community control on the robbery charge of which Sutherlin was acquitted.   It made no finding on the community-service issue.   Consequently, we must remand the case for the trial court to determine whether Sutherlin's community control should be revoked on that basis.

{¶ 10} In his second assignment of error, Sutherlin contends that the trial court erred in sentencing him to a term of incarceration following the revocation of his community control.   He argues that because the trial court did not inform him at the hearing at which he was originally sentenced to community control of the exact sentence he would receive if he violated the conditions of community control, he could not be sentenced to a term of incarceration.

{¶ 11} R.C. 2929.19(B)(5) provides that "[i]f the sentencing court determines at the sentencing hearing that a community control sanction should be imposed and the court is not prohibited from imposing a community control sanction, the court shall impose a community control sanction.   The court shall notify the offender that, if the conditions of the sanction are violated, * * * the court * * * may impose a prison term on the offender and shall indicate the specific prison term that may be imposed as a sanction for the violation, as selected by the court from the range of prison terms for the offense pursuant to section 2929.14 of the Revised Code."

{¶ 12} In *State v. Giles,* 1st Dist. No. C–010582, 2002-Ohio-3297, 2002 WL 1393559, ¶ 10, this court has held that "literal compliance with R.C. 2929.19(B)(5) is required as a precondition to imposing a prison sentence for a violation of community-control sanctions."   Consequently, the trial court must inform the defendant of the specific term of imprisonment that it will impose for any violation of the community-control conditions at the sentencing hearing when a

community-control sanction is imposed. This issue does not become moot because of our holding in the first assignment of error, because we must determine whether the court may impose a prison term even if it concludes that Sutherlin's failure to perform community service has violated the terms of his community control.

{¶ 13} In this case, the trial court did not inform Sutherlin of the sentence he would receive if he violated the terms of his community control at the sentencing hearing at which it originally ordered community control. But at the second sentencing hearing following Sutherlin's first violation of the conditions of community control, the trial court specifically told him that if he violated his community-control conditions again, he would receive the maximum sentence. The question then becomes whether informing Sutherlin at this second sentencing hearing of the sentence he would receive for violating the conditions of his community control satisfied the requirements of the statute as this court interpreted it in *Giles.* We hold that it did. While we find no cases directly on point, an examination of the nature of community control brings us to this conclusion.

{¶ 14} Community control under R.C. 2929.15 differs from former sentencing procedures in that the trial court no longer suspends execution of the prison term or the balance of the prison term as a part of granting community control. Now, the sentencing court orders the offender directly to submit to community-control sanctions instead of imposing a prison term. *State v. Curtis* (2001), 143 Ohio App.3d 314, 315, 757 N.E.2d 1237. In other words, community control is an alternative to a prison sentence. *State v. Griffin* (1998), 131 Ohio App.3d 696, 697–698, 723 N.E.2d 606.

{¶ 15} Under R.C. 2929.15(B), the trial court has three options when an offender violates the conditions of his community control. The trial court can (1) lengthen the term of the community-control sanction, (2) impose a more restrictive community-control sanction, or (3) impose a prison term. *State v. Burton,* 1st Dist. Nos. C–020014 and C–020203, 2002-Ohio-6653, 2002 WL 31728933. The court may impose a prison term only if (1) the offender was previously given notice of the specific prison term that would be imposed for a violation at the original sentencing hearing and (2) the term of imprisonment given for violating the community-control sanction does not exceed the term for which the offender was given notice at that prior hearing. *State v. Brown* (2000), 136 Ohio App.3d 816, 821, 737 N.E.2d 1057; *State v. Levy* (May 11, 2001), 1st Dist. No. C–000713, 2001 WL 497094.

{¶ 16} Following a community-control violation, the court conducts a second sentencing hearing. The court sentences the offender anew and must comply with the relevant sentencing statutes. *State v. Martin,* 8th Dist. No. 82140, 2003-

Ohio-3381, 2003 WL 21474154, at ¶ 35; *State v. Ogle*, 6th Dist. No. WD–01–040, 2002-Ohio-860, 2002 WL 313386; *Levy*, supra.

{¶ 17} Following Sutherlin's first violation of his community-control conditions, the trial court lengthened the term of the community-control sanction. At that time, Sutherlin was sentenced anew to community control. Therefore, notifying him at that time that he would receive the maximum sentence if he violated his community control comported with the language of R.C. 2929.19(B)(5), as interpreted by this court in *Giles*.

{¶ 18} We note that the trial court actually sentenced Sutherlin to serve less than the maximum sentence required for a second-degree felony. See R.C. 2929.14(A)(2). But that sentence did not change the fact that the required notice was given, and Sutherlin was not prejudiced. *State v. Chapman*, 1st Dist. No. C–020115, 2002-Ohio-7336, 2002 WL 31894857, at ¶ 7. We emphasize to the trial court, though, that in sentencing Sutherlin on remand, should it find a violation of his community control related to his alleged failure to perform his community service, the court must comply with the provisions of R.C. 2929.14 and make the necessary findings, which the court did not do in the proceedings giving rise to this appeal. R.C. 2929.15(B); *Levy*, supra.

{¶ 19} The judgment of the trial court is, accordingly, reversed, and this cause is remanded for further proceedings in accordance with the terms of this decision.

Judgment reversed
and cause remanded.

HILDEBRANDT and PAINTER, JJ., concur.