OPINION
{¶ 1} Defendant-appellant, Jeremiah Bayman (hereinafter "Bayman"), appeals the judgment of the Auglaize County Court of Common Pleas finding him guilty of a violation of community control sanctions and sentencing him to twelve months incarceration.
 {¶ 2} On May 2, 2000, Bayman was indicted in the Auglaize County Court of Common Pleas on two counts of drug possession and one count of possession of a deadly weapon in a detention facility. Bayman ultimately pled guilty to one count of possession of a deadly weapon in a detention center, a felony of the fifth degree and was sentenced to five years community control.
 {¶ 3} On June 10, 2003, the Auglaize County prosecutor filed a motion and affidavit alleging that Bayman had refused a drug screen, consumed alcohol and violated his curfew, all in violation of the conditions of community control. These allegations were later amended to include two additional violations, possession of cocaine and possession of amphetamines. A probable cause hearing on Bayman's violation of community control was set for July 29, 2003.
 {¶ 4} At the hearing, Bayman admitted all five violations and the trial court found him guilty of violating the terms of his community control. The trial court sentenced Bayman to twelve months incarceration.
 {¶ 5} It is from this decision that Bayman appeals, setting forth one assignment of error for our review.
 ASSIGNMENT OF ERROR NO. I The trial court committed prejudicial error when it failed toproperly follow the sentencing criteria set forth in Ohio RevisedCode, Section 2929.14 resulting in the defendant-appellantreceiving a sentence which is contrary to law.
 {¶ 6} Bayman asserts that his sentence is contrary to law as the trial court did not follow the statutory sentencing procedures in imposing the maximum prison term because it failed to make the requisite findings mandated by R.C. 2929.14. Bayman further argues that even if it is determined that the statutory procedures were followed, the purposes of felony sentencing and sentencing factors do not support a twelve month sentence.
 {¶ 7} In determining what sentence to impose upon a defendant, a trial court is required to make various factual findings on the record. A sentence that is not supported by such findings is both incomplete and invalid. See State v. Martin
(1999), 136 Ohio App.3d 355. An appellate court will not disturb a sentence imposed by a trial court unless clear and convincing evidence exists that the sentence is unsupported by the record, the procedure of the sentencing statutes was not followed, there was not a sufficient basis for the imposition of a prison term, or that the sentence is contrary to law. See R.C. 2953.08(G).
 {¶ 8} When an offender violates the conditions of his community control, as is the case herein, the trial court has three options. Pursuant to R.C. 2929.15, the trial court can (1) lengthen the term of the community-control sanction, (2) impose a more restrictive community-control sanction, or (3) impose a prison term. R.C. 2929.15(B). Regardless of the option chosen by the trial court, a sentencing hearing must be conducted and the trial court must comply with the relevant sentencing statutes.State v. Sutherlin 154 Ohio App.3d 765, 769-770, 2003-Ohio-5265
(citation omitted).
 {¶ 9} In the case sub judice, Bayman was sentenced to five years of community control for possession of a deadly weapon in a detention center, a violation of R.C. 2923.131(B)(C)(2)(e)(i) and a fifth degree felony. Upon violation of the terms of his community control, the trial court sentenced Bayman to twelve months incarceration, the maximum sentence for a fifth-degree felony. See R.C. 2929.14 (A)(5).
 {¶ 10} Prior to the sentencing guidelines proposed by Senate Bill No. 2, which became effective in 1996, a trial court could immediately revoke community control upon violation and impose any sentence that originally could have been imposed, without any further consideration. State v. Weaver 141 Ohio App.3d 512,515, 2001-Ohio-3216. As a result of the new sentencing guidelines, however, a trial court must satisfy the felony sentencing requirements of R.C. 2929.14 before imposing a prison term upon a community control violator. State v. Riley (Nov. 12, 1998), Union App. No. 14-98-38. R.C. 2929.14 states in relevant part:
(B) [I]f the court imposing a sentence upon an offender for afelony elects * * * to impose a prison term on the offender * * *the court shall impose the shortest prison term authorized forthe offense * * * unless the court finds on the record that theshortest prison term will demean the seriousness of theoffender's conduct or will not adequately protect the public fromfuture crime by the offender or others. * * *
 (C) [T]he court imposing a sentence upon an offender for afelony may impose the longest prison term authorized for theoffense * * * only upon offenders who committed the worst formsof the offense, upon offenders who pose the greatest likelihoodof committing future crimes * * * . Emphasis added.
 {¶ 11} The trial court herein failed to make the requisite findings as required by R.C. 2929.14. In the journal entry, the only finding made by the trial court during sentencing for the community control violation was that Bayman was not amenable to community control. The record of the hearing similarly lacks findings by the trial court. The trial court did not cite R.C.2929.14. The trial court failed to make a finding that the shortest prison term would demean the seriousness of the offender's conduct or that it would not protect the public from future crime, as required by R.C. 2929.14(B). The trial court failed to make a finding that Bayman had been found to have committed the worst form of the offense or posed the greatest likelihood of committing future crimes, as required by R.C.2929.14 (C), before imposing the longest prison term authorized for a fifth degree felony.
 {¶ 12} Accordingly, we cannot hold that the trial court herein made the findings required to sanction Bayman to the maximum term of incarceration for possession of a deadly weapon in a detention center. Because the court failed to make the required findings, the trial court erred and Bayman's sentence is contrary to law.
 {¶ 13} Appellant's assignment of error is sustained.
 {¶ 14} Having found error prejudicial to appellant herein, in the particulars assigned and argued, we reverse the judgment of the trial court and remand the matter for further proceedings consistent with this opinion.
Judgment reversed and cause remanded.
Shaw, P.J., and Bryant, J., concur.