OPINION.
{¶ 1} Defendant-appellant Terry L. Baccus appeals the prison sentence that the trial court imposed after he violated community control. Because the trial court failed to inform Baccus at his sentencing hearing of the specific prison term that it would impose for a community-control violation, Baccus's sentence must be reversed and the case remanded to the trial court for resentencing.
 {¶ 2} On November 17, 2001, Baccus and Juan Stallworth robbed Fat Norm's Deli of $200. Baccus was convicted of robbery,[1] a second-degree felony, and was sentenced to five years of community control, six months of incarceration, and eighty hours of community service. At Baccus's sentencing hearing, in April 2002, the trial court stated that Baccus would be "headed for the penitentiary" for the "slightest infraction" of his community-control sanctions, but it did not state a specific prison term that it would impose for such a violation.
 {¶ 3} On January 7, 2003, the trial court found probable cause that Baccus had violated his community-control sanctions. The court found that Baccus had failed to report to the probation department once, had failed to submit to two drug tests, and had not completed his hours of community service. The court referred to "time hanging over" Baccus's head.
 {¶ 4} One week later, the trial court found Baccus guilty and held a sentencing hearing for the community-control violations. The court continued Baccus on community-control sanctions and stated, "Now, if you violate community control sanctions you will get seven years less credit for time served." The court reiterated, "Now, you better do what you're supposed to do because if you don't you have got 7 years hanging over your head and there is not going to be anymore continuing you."
 {¶ 5} On April 9, 2003, the trial court again found Baccus guilty of violating his community-control sanctions and sentenced him to six years in prison with credit for 347 days already served.
 {¶ 6} In his first assignment of error, Baccus now argues that the trial court erred when it did not inform Baccus at his original sentencing hearing of the specific prison term that could be imposed if he violated his community-control sanctions. In support, Baccus cites R.C. 2929.19(B)(5), along with this court's decision in State v. Giles[2] and the Ohio Supreme Court's recent decision in State v. Brooks.[3]
 {¶ 7} Under R.C. 2929.19(B)(5), "If the sentencing court determines at the sentencing hearing that a community control sanction should be imposed and the court is not prohibited from imposing a community control sanction, the court shall impose a community control sanction. The court shall notify the offender that, if the conditions of the sanction are violated, if the offender commits a violation of any law, or if the offender leaves this state without the permission of the court or the offender's probation officer, the court may impose a longer time under the same sanction, may impose a more restrictive sanction, or may impose a prison term on the offender and shall indicatethe specific prison term that may be imposed as a sanction forthe violation, as selected by the court from the range of prison terms for the offense pursuant to section 2929.14 of the Revised Code." (Emphasis added.)
 {¶ 8} In Giles, we held that literal compliance with R.C.2929.19(B)(5) is required before a court can impose a prison sentence for a violation of community-control sanctions.[4]
We determined that the statute's plain language imposes a mandatory duty on a trial court to notify an offender of the specific prison term that might be imposed if the offender violates the terms of a community-control sanction.[5]
 I. A Clear Statement {¶ 9} In Brooks, the Ohio Supreme Court attempted to clarify conflicting appellate decisions concerning a sentencing court's obligations under R.C. 2929.19(B)(5). Following our logic in Giles, the Brooks court concluded that R.C. 2929.19(B)(5) requires literal compliance and imposes a mandatory duty to notify an offender of the exact prison term that could be imposed for a community-control violation.[6]
 {¶ 10} The court stated, "While we recognize the statutory complexities that have caused some courts to reject a strict-compliance view of R.C. 2929.19(B)(5) as overly literal, we cannot accept a substantial-compliance interpretation. The General Assembly has explicitly set forth the `specific prison term' requirement and has used the word `shall' to indicate the mandatory nature of the provision."[7]
 {¶ 11} The court continued, "[T]he judge shall, in straightforward and affirmative language, inform the offender at the sentencing hearing that the trial court will impose a definite term of imprisonment of a fixed number of months or years, such as `twelve months' incarceration,' if the conditions are violated. To comply with the literal terms of the statute, the judge should not simply notify the offender that if the community control conditions are violated, he or she will receive `the maximum,' or a range, such as `six to twelve months,' or some other indefinite term, such as `up to 12 months.' The judge is required to notify the offender of the `specific' term the offender faces for violating community control."[8]
 {¶ 12} It is undisputed that at Baccus's original sentencing hearing the trial court did not state a "specific" prison term that it could impose if Baccus violated his community-control sanctions. The trial court made a vague reference that Baccus would be "headed to the penitentiary," but said nothing more. Therefore, clearly, when the trial court found Baccus guilty of violating his community-control sanctions, the court was powerless to impose a prison term on him.
 {¶ 13} In Brooks, the Ohio Supreme Court specifically addressed the options available to a trial court when R.C.2929.19(B)(5) has not been strictly followed. The court noted that the usual procedure when the trial court has made an error in sentencing is for an appellate court to remand the case to the trial court for resentencing.[9] But in this type of case, a straight remand could cause problems.
 {¶ 14} The court stated, "Due to the particular nature of community control, any error in notification cannot be rectified by `renotifying' the offender. When an offender violates community control conditions and that offender was not properly notified of the specific term that would be imposed, an after-the-fact reimposition of community control would totally frustrate the purpose behind R.C. 2929.19(B)(5) notification, which is to make the offender aware before a violation of the specific prison term that he or she will face for a violation. Consequently, where no such notification was supplied, and the offender then appeals after a prison term is imposed under R.C.2929.15(B), the matter must be remanded to the trial court for a resentencing under that provision with a prison term not an option."[10]
 {¶ 15} Therefore, under the clear mandate from Brooks,
because the trial court in this case erred by not notifying Baccus of the specific term that could be imposed for a violation of his community-control sanctions, the court could not ever sentence Baccus to a prison term.
 II. The Clear Statement Muddled {¶ 16} Unfortunately, despite the seemingly clear statement by the Ohio Supreme Court that an error in R.C. 2929.19(B)(5) sentencing cannot be rectified and that imposition of a prison term cannot occur, that apparently is not the end of the issue. The court added a footnote in Brooks that leaves open the possibility that later notification at a different sentencing hearing might comply with R.C. 2929.19(B)(5).
 {¶ 17} The footnote stated, "When a trial court sentences an offender who has violated conditions of community control and the defendant did not receive notice of the specific term under R.C.2929.19(B)(5) so that a prison term is not an option, the trial court at the R.C. 2929.15 sentencing must choose one of the other options under R.C. 2929.15(B) (imposing a longer time under the same sanction or imposing a more restrictive sanction). We do not reach the issue of whether a trial judge who, in that situation, at the time of the R.C. 2929.15(B) sentencing, informs the offender of the specific term he or she faces for a violation of the conditions of community control may subsequently impose a prison term if the offender violates conditions of community control a second time."[11]
 {¶ 18} Based on the 60-word confusing last sentence in the footnote, the state could argue in this case that the trial court complied with R.C. 2929.19(B)(5) when it told Baccus at the sentencing hearing for his first community-control violation that he would receive seven years in prison if he violated community control again. Our decision in State v. Sutherlin[12]
would seemingly support that conclusion.
 {¶ 19} In Sutherlin, the trial court sentenced Sutherlin to serve one year in prison, to be followed by four years of community control. Several months after his release from prison, the court found that he had violated the conditions of his community control. At the sentencing hearing for his community-control violations, the trial court lengthened the term of the community-control sanction. The trial court also warned Sutherlin that if he violated the conditions of his community control again, he would get the maximum prison sentence. When Sutherlin did violate his community-control conditions again, the court sentenced him to four years in prison.
 {¶ 20} On appeal, we considered whether informing Sutherlin at the second sentencing hearing of the sentence he would receive for violating the conditions of his community control satisfied the requirements of R.C. 2929.19(B)(5). We held that it did. The trial court lengthened the term of Sutherlin's community-control sanctions at the second sentencing hearing. Therefore, Sutherlin's sentence was a new sentence, and notice given at that sentencing hearing of a possible prison term if he violated his community-control conditions sufficiently complied with R.C.2929.19(B)(5).[13]
 {¶ 21} But the facts in Sutherlin are distinguishable from those before us today. In Baccus's case, the trial court did not sentence him anew after he violated his community control. The court merely continued Baccus on his existing community-control sanctions. Notice given at a hearing in which the trial court does not impose any new sentence cannot comply with R.C.2929.19(B)(5). While, under Sutherlin, notice given at a sentencing hearing other than the original sentencing hearing can be sufficient, the notice must be given during a sentencing hearing in which a new sentence is imposed on the offender. While this procedure might seem unduly technical, it is the only way to follow the Ohio Supreme Court's guidance in Brooks.
 {¶ 22} Therefore, we sustain Baccus's first assignment of error. We reverse his sentence and remand his case to the trial court for resentencing with, of course, a prison term not an option. Because we are reversing Baccus's prison sentence, his three other assignments of error are rendered moot.
Judgment reversed and cause remanded.
Doan, P.J., and Sundermann, J., concur.
[1] R.C. 2911.02(A)(2).
[2] State v. Giles, 1st Dist. No. C-010582, 2002-Ohio-3297.
[3] State v. Brooks, 103 Ohio St.3d 134, 2004-Ohio-4746,814 N.E.2d 837.
[4] Id. at ¶ 10.
[5] Id. at ¶ 7.
[6] See State v. Brooks, supra, at ¶ 19.
[7] Id. at ¶ 24.
[8] Id. at ¶ 19.
[9] Id. at ¶ 33.
[10] Id. at ¶ 33.
[11] Id.
[12] State v. Sutherlin, 154 Ohio App.3d 765, 2003-Ohio-5265,798 N.E.2d 1137.
[13] Id. at ¶ 17.