DECISION AND JUDGMENT ENTRY
{¶ 1} This is a consolidated appeal from a judgment of the Erie County Court of Common Pleas that imposed sentence upon appellant for convictions of gross sexual imposition and failure to register as a sex offender following a violation of probation. For the following reasons, the judgment of the trial court is affirmed, in part, and reversed, in part.
 {¶ 2} Appellant sets forth the following assignment of error:
 {¶ 3} "The trial court committed a prejudicial error by imposing a sentence greater than the statutorily presumed sentence based on facts that were neither admitted to by appellant nor were found by a jury beyond a reasonable doubt."
 {¶ 4} The facts relevant to the issues raised on appeal are as follows. On February 6, 1998, appellant entered a guilty plea to one count of gross sexual imposition in violation of R.C.2907.05(A)(4). The trial court sentenced appellant to five years community control and classified him as a sexually-oriented offender subject to the registration requirements set forth in R.C. 2950.05. On November 10, 1999, appellant was indicted on one count of failure to register. Appellant entered a guilty plea to the indictment and was sentenced to a term of community control concurrent with the balance of the term he was already serving for the gross sexual imposition conviction.
 {¶ 5} On April 15, 2002, appellant was again brought before the trial court to show cause why his community control sanctions should not be terminated after being convicted of failing to pay child support. The trial court found that appellant had violated the terms and conditions of his community control and continued his sanctions under the same terms and conditions previously ordered.
 {¶ 6} The record reflects that on November 12, 2002, after appellant was convicted of driving while under the influence of alcohol, he once again was brought before the trial court to show cause why his community control sanctions should not be revoked and sentence imposed. On November 18, 2002, the trial court revoked appellant's community sanctions and imposed a four-year prison term for the offense of gross sexual imposition and a nine-month prison term for the offense of failure to register. Appellant appealed and this court reversed the trial court, finding that the trial court had failed to place appellant on notice at his original sentencing hearing of the specific prison term that would be imposed if he violated community control.State v. Fraley, 6th Dist. No. E-02-051, 2003-Ohio-6976. Appellant was released from prison.
 {¶ 7} The state filed a motion for reconsideration, or in the alternative a motion to certify the case to the Supreme Court of Ohio for being in conflict with State v. Sutherlin,154 Ohio App.3d 765, 2003-Ohio-5265. Ultimately, appellant's case was certified to the Supreme Court of Ohio, which reversed this court's decision and remanded the case to the trial court for resentencing. State v. Fraley, 105 Ohio St.3d 13,2004-Ohio-7110. Upon remand, the trial court again sentenced appellant to four years for the gross sexual imposition conviction and nine months for the failure to register conviction. Appellant filed a timely appeal.
 {¶ 8} Appellant now asserts the trial court erred by basing his sentence on facts that were not found by a jury and to which he had not admitted. We find the trial court articulated evidentiary reasons in support of appellant's sentences.
 {¶ 9} We further find, however, that this case is controlled by the recent decision of the Supreme Court of Ohio in State v.Foster, ___ Ohio St.3d ___, 2006-Ohio-856, which holds several of Ohio's sentencing statutes unconstitutional for violating theSixth Amendment to the United States Constitution in the manner set forth in Apprendi v. New Jersey (2000), 530 U.S. 466, andBlakely v. Washington (2004), 542 U.S. 296. This court has reviewed the entire record of proceedings before the trial court. We find that the sentencing court referenced statutes deemed unconstitutional by Foster, which holds that a trial court is no longer required to make findings or give its reasons for imposing maximum, consecutive or greater-than-minimum sentences. Accordingly, appellant's sole assignment of error is well-taken.
 {¶ 10} Foster was released while this case was pending on direct review. As such, Foster dictates that appellant's sentence is void and therefore must be vacated and remanded for resentencing on the basis of non-severed sentencing statutes.
 {¶ 11} On consideration whereof, the judgment of the Erie County Court of Common Pleas is reversed as to sentence only and remanded solely for resentencing in conformity with Foster.
Appellee is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Erie County.
Judgment Affirmed, In Part, And Reversed, In Part.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Handwork, J. Skow, J. Parish, J. concur.