[Cite as *State v. Bonds*, 2014-Ohio-2766.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 100481**

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## JENNIFER BONDS

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-13-575694

**BEFORE:** McCormack, J., Jones, P.J., and Keough, J.

**RELEASED AND JOURNALIZED:** June 26, 2014

**ATTORNEY FOR APPELLANT**

Ruth R. Fischbein-Cohen
3552 Severn Rd.
#613
Cleveland, OH 44118


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor

By: James Hofelich
Brett Hammond
Assistant County Prosecutors
8th Floor, Justice Center
1200 Ontario Street
Cleveland, OH   44113

TIM McCORMACK, J.:

**{¶1}** Defendant-appellant, Jennifer Bonds, appeals from a maximum sentence of eight years in prison for her robbery conviction. Finding no merit to her claim, we affirm the trial court's sentence.

**{¶2}** On July 11, 2013, Bonds was indicted for one count of robbery in violation of R.C. 2911.02(A)(2), a felony of the second degree. On September 4, 2013, she pleaded guilty to the one count in the indictment and was sentenced the same day to eight years in prison. This case arises from a robbery of the FirstMerit Bank in Cleveland, where Bonds entered the bank and demanded money from the teller, stating, "I'll blow your fucking head off." At the time Bonds committed the robbery, she was on postrelease control ("PRC") in a previous matter, also involving a robbery. The trial court imposed an additional sentence of two years for the PRC violation, to be served consecutively, for an aggregate sentence of ten years.

**{¶3}** In her sole assignment of error, Bonds argues that the trial court abused its discretion in imposing a maximum sentence contrary to the purposes and principles of felony sentencing set forth in R.C. 2929.11 and it failed to properly assess the seriousness and recidivism factors set forth in R.C. 2929.12.

**{¶4}** Pursuant to R.C. 2953.08(G)(2), we do not review felony sentences under an abuse-of-discretion standard. Rather, we review Bonds's felony sentence to determine whether it is contrary to law under R.C. 2953.08(A)(4). *See State v. Smith*, 8th Dist. Cuyahoga No. 100206, 2014-Ohio-1520, ¶ 13.

**{¶5}** There are two grounds upon which a criminal defendant may claim that a sentence is contrary to law. First, a sentence is contrary to law if it falls outside the statutory range for the particular degree of offense. *State v. Holmes*, 8th Dist. Cuyahoga No. 99783, 2014-Ohio-603, ¶ 10. The statutory range for robbery, a felony of the second degree, is two to eight years. *See* R.C. 2929.14(A)(2). Bonds's sentence of eight years was within the statutory range for a felony of the second degree. Her sentence therefore is not contrary to law. Moreover, Bonds concedes that her sentence is within the statutory range.

**{¶6}** Second, a sentence is contrary to law if the trial court fails to consider the purposes and principles of felony sentencing set forth in R.C. 2929.11 and the sentencing factors set forth in R.C. 2929.12. *State v. Hodges*, 8th Dist. Cuyahoga No. 99511, 2013-Ohio-5025, ¶ 7. The trial court "has the full discretion to impose any term of imprisonment within the statutory range, but it must consider the sentencing purposes in R.C. 2929.11 and the guidelines contained in R.C. 2929.12." *Id.* In *State v. Long*, 138 Ohio St.3d 478, 2014-Ohio-849, 8 N.E.3d 890, ¶ 17-18, the Supreme Court of Ohio explained these two statutes as follows:

> In Ohio, two statutory sections serve as a general guide for every sentencing. First, R.C. 2929.11(A) provides that the overriding purposes of felony sentencing "are to protect the public from future crime by the offender and others and to punish the offender." To achieve these purposes, the trial court "shall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution." *Id.* The sentence must be "commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim, and consistent with sentences

imposed for similar crimes committed by similar offenders." R.C. 2929.11(B). * * *

Second, R.C. 2929.12 specifically provides that in exercising its discretion, a trial court must consider certain factors that make the offense more or less serious and that indicate whether the offender is more or less likely to commit future offenses. * * * R.C. 2929.12(C) and (E) also permit a trial court to consider "any other relevant factors" to determine that an offense is less serious or that an offender is less likely to recidivate. * * *

{¶7} This court has held that a trial court "fulfills its duty under the statutes by indicating that it has considered the relevant sentencing factors." *Smith*, 8th Dist. Cuyahoga No. 100206, 2014-Ohio-1520, at ¶ 14, citing *State v. Saunders*, 8th Dist. Cuyahoga No. 98379, 2013-Ohio-490, ¶ 4. The trial court "need not go through each factor on the record — it is sufficient that the court acknowledges that it has complied with its statutory duty to consider the factors without further elaboration." *Id.*, citing *State v. Pickens*, 8th Dist. Cuyahoga No. 89658, 2008-Ohio-1407, ¶ 6. In fact, consideration of the appropriate factors set forth in R.C. 2929.11 and 2929.12 can be presumed unless the defendant affirmatively shows to the contrary. *State v. Jones*, 8th Dist. Cuyahoga No. 99759, 2014-Ohio-29, ¶ 13; *State v. Clayton*, 8th Dist. Cuyahoga No. 99700, 2014-Ohio-112, ¶ 7 (Where a criminal sentence is within the statutory limits, an appellate court should accord the trial court the presumption that it considered the statutory mitigating criteria in the absence of an affirmative showing that it failed to do so.).

{¶8} At sentencing, the trial court utilized the presentence investigation report from the previous case, noting that it was still valid as the case was just over one year old. The court heard statements from the victim, which revealed that she had been "uncomfortable and uneasy" in public and she had "an extremely difficult time focusing and waiting on customers at work." The victim further stated that she "is worried and scared in every aspect of [her] life" and because of the incident, she felt unsafe and therefore left her employment with the bank. She also experienced numerous physical and emotional reactions, including fatigue, sleeplessness, nightmares, and depression. Bonds's counsel noted that Bonds accepted responsibility for her actions and noted that her actions were caused, in part, by her substance abuse problem, which she has had since she was 13 years old. Bonds apologized for her actions, stating that she was "completely out of [her] mind" on drugs at the time she committed the robbery.

{¶9} Before imposing a maximum term for Bonds's offense, the trial court acknowledged the purposes and principles of felony sentencing set forth in R.C. 2929.11 and placed on the record its consideration of various R.C. 2929.12 factors.

{¶10} Initially, the court noted Bonds's extensive criminal history, beginning in 1995 with a theft charge as a juvenile, continuing through the robbery charge in 2012. Her various offenses also included resisting arrest, criminal mischief, driving under the influence, open container, public intoxication, soliciting, disorderly conduct, and possession of drug abuse instrument. The court noted that on several occasions, Bonds violated either community control or postrelease control. Further, a failure to appear

capias was issued in 2009, 2010, 2011, and 2012. Finally, the trial court indicated that Bonds received several opportunities for drug and alcohol treatment and substance abuse counseling.

{¶11} In addressing the two more recent crimes, the trial court noted that the robbery in 2012 involved a physical altercation with a security guard, during which Bonds swung a closed fist at the guard and repeatedly attempted to kick him. Bonds denied kicking the guard. With respect to the current offense, the court noted the demand for money and the strong language used, stating that such language would not be easily forgotten. The court found that the victim in this offense suffered serious physical and psychological harm, as well as economic harm, as a result of Bonds's actions.

{¶12} The court further noted that Bonds was about to be apprehended on an escape charge prior to being arrested in this case. He stated that the day after Bonds was released from prison, she "got herself high and jumped off a roof and ended up on rehabilitation."

{¶13} The trial court then found that none of the less serious factors apply, as well as the factors that indicate whether the offender is more or less likely to recidivate. It further found that Bonds's actions concerning the threat upon the victim along with her criminal history and her "failures to abide by probation[,] * * * parole or PRC conditions clearly indicate that a minimum sentence is not required." And based upon the victim's psychological injuries and the fact that Bonds was on postrelease control for a robbery

charge when she committed the current robbery, the court determined that this case was the worst form of the offense and a maximum sentence was therefore warranted.

**{¶14}** Despite having no statutory obligation to do so, the court concluded Bonds's sentencing hearing by making additional findings with respect to the imposition of the eight year sentence consecutive to the two-year sentence for the PRC violation:

> [G]iven the nature of [Bonds's] violent behavior, consecutive sentences are necessary to protect and punish based upon [Bonds's] performance on probation and parole and the violent nature of her act inside the bank. Consecutive sentences would not be disproportionate. The crimes were committed while [Bonds] was on post release control, and clearly the consecutive terms are necessary to protect the public.

**{¶15}** In light of the above, we find the record shows that the trial court more than adequately fulfilled its duty under both R.C. 2929.11 and 2929.12. Bonds's maximum sentence of eight years is not contrary to law. The assignment of error is without merit.

**{¶16}** Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____
TIM McCORMACK, JUDGE

LARRY A. JONES, SR., P.J., and
KATHLEEN ANN KEOUGH, J., CONCUR