[Cite as *State v. Santiago*, 2015-Ohio-4674.]

# Court of Appeals of Ohio

EIGHTH APPELLATE DISTRICT
COUNTY OF CUYAHOGA

JOURNAL ENTRY AND OPINION
**No. 102433**

**STATE OF OHIO**

PLAINTIFF-APPELLEE

vs.

**JORGE L. SANTIAGO**

DEFENDANT-APPELLANT

**JUDGMENT:**
AFFIRMED

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-14-588612-C

**BEFORE:** Kilbane, J., Keough, P.J., and E.A. Gallagher, J.

**RELEASED AND JOURNALIZED:** November 12, 2015

**ATTORNEY FOR APPELLANT**

Erin R. Flanagan
Erin R. Flanagan, Ltd.
75 Public Square - Suite 305
Cleveland, Ohio 44113


**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
Anthony Thomas Miranda
Assistant County Prosecutor
The Justice Center - 9th Floor
1200 Ontario Street
Cleveland, Ohio 44113

MARY EILEEN KILBANE, J.:

{¶1} Defendant-appellant, Jorge L. Santiago ("Santiago"), appeals from the sentence imposed in connection with his guilty pleas to theft and escape. Having reviewed the record and the controlling case law, we find no error and affirm.

{¶2} In September 2014, Santiago and codefendants, Dusti Lee Mays ("Mays") and Luis Perez ("Perez"), were charged with theft, in violation of R.C. 2913.02(A)(1), a fifth-degree felony, following a shoplifting incident at the North Olmsted Walmart. Santiago and Mays were also charged with third-degree felony escape from postrelease control detention orders, in violation of R.C. 2921.34(A)(1).

{¶3} On November 6, 2014, all three defendants entered into plea agreements with the state. As is relevant to the matter before us, Santiago pled guilty to the fifth-degree felony theft as charged in Count 1 of the indictment and pled guilty to fifth-degree felony escape, a reduced charge from Count 2 of the indictment.[1]

{¶4} The trial court obtained a Treatment Alternatives to Street Crime ("TASC") evaluation and a presentence investigation ("PSI") for Santiago prior to his sentencing on December 12, 2014. At the sentencing hearing, the trial court noted that the instant matter was Santiago's 14th felony conviction. Santiago acknowledged that he had been released from prison several months prior to the latest incident at Walmart. He stated that his crimes are the result of an addiction to heroin.

---

[1]Mays pled guilty to the fifth-degree felony theft charge as set forth in the indictment and also pled guilty to fifth-degree felony escape. Perez pled guilty to one count of first-degree misdemeanor theft.

**{¶5}** On Count 1, the theft charge, the court sentenced Santiago to 12 months in prison, less 113 days served, and postrelease control for up to three years. As to the portion of the sentence that is the subject of this appeal, the court held that Count 2, the escape charge, would be served consecutive to Count 1. The court ordered that

> pursuant to R.C. 2929.14(C)(4) for the reasons stated on the record, when defendant is returned to jail pursuant to the local incarceration program * * * defendant will serve 90 days in jail and two years of community control sanctions including CBCF [a community-based correction facility].

to be followed by probation with regular reporting for the remainder of the three-year term.[2]

The trial court also ordered that all three defendants are to be jointly and severally responsible for restitution to Walmart in the amount of $940.13.[3]

**{¶6}** Santiago now appeals and assigns the following error for our review:

Assignment of Error

The trial court erred in its imposition of a stacked sentence of prison time and confinement in the community based correction facility on Count Two of Mr. Santiago's plea.

---

[2]Defendant does not challenge and we do not consider the trial court's imposition of consecutive terms for theft and escape, but we do note that pursuant to R.C. 2929.14(C)(2),

> if an offender who is * * * under detention at a detention facility commits another felony while the offender is an escapee in violation of division (A)(1) or (2) of section 2921.34 of the Revised Code, any prison term imposed upon the offender for one of those violations shall be served by the offender consecutively to the prison term or term of imprisonment the offender was serving when the offender committed that offense and to any other prison term previously or subsequently imposed upon the offender.

[3]Defendant Mays was sentenced to a total of 12 months of imprisonment at the Ohio Reformatory for Women and was ordered to pay $940.13 in restitution. Defendant Perez was sentenced to 30 days of confinement in county jail and ordered to pay $940.13 in restitution.

**{¶7}** Within his sole assignment of error, Santiago asserts that his sentence for Count 2, the escape charge, is contrary to law. Santiago argues that the trial court erred in ordering him to "serve both a prison term and a community control sanction for a single offense."

**{¶8}** Santiago argues that, pursuant to *State v. Sutherlin*, 154 Ohio App.3d 765, 2003-Ohio-5265, 798 N.E.2d 1137, ¶ 14 (1st Dist.) and R.C. 2929.15, a trial court may not suspend execution of a prison term as a part of granting community control. In opposition, the state argues that Santiago was sentenced to "ninety (90) days in jail on Count Two to be followed by two (2) years of community control sanctions." Therefore, the state maintains that the "[a]ppellant is incorrect that the trial court stacked prison time and confinement at CBCF in relation to the same charge. Prison was only imposed for the theft; jail and CBCF were imposed for the escape." We find the state's argument more persuasive.

**{¶9}** R.C. 2953.08 provides the grounds on which a defendant may appeal from a felony sentence. Under R.C. 2953.08(A)(4), a criminal defendant may appeal his sentence if it is contrary to law, and the statute provides two separate grounds for claiming that a sentence is contrary to law. *State v. Bonds*, 8th Dist. Cuyahoga No. 100481, 2014-Ohio-2766, ¶ 5. First, a sentence is contrary to law if it falls outside the statutory range for the particular degree of offense. *Id.* Second, a sentence is contrary to law if the trial court fails to comply with sentencing statutes. *Id*. at ¶ 6. *See also State v. Holmes*, 8th Dist. Cuyahoga No. 99783, 2014-Ohio-603, ¶ 10.

**{¶10}** This court has held that "the sentencing statute does not allow a trial court to impose both a prison sentence and community control for the same offense." *State v. Jacobs*, 189 Ohio App.3d 283, 2010-Ohio-4010, 938 N.E.2d 79, ¶ 5 (8th Dist.). In this matter, however, the trial court imposed a prison term for the theft offense and imposed a jail term,

CBCF, and community control sanctions for the single offense of escape in Count 2. Therefore, the trial court did not impose or suspend a prison term in addition to ordering community control sanctions for the same offense. Rather, it imposed jail time and community control sanctions on the same count of escape.

{¶11} With regard to the sentence imposed for Count 2, escape, which is 90 days in jail and two years of community control sanctions, we note that pursuant to R.C. 2929.15(A)(1),

> [i]f in sentencing an offender for a felony the court is not required to impose a prison term, a mandatory prison term, or a term of life imprisonment upon the offender, the court may directly impose a sentence that consists of one or more community control sanctions authorized pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code.

The duration of all community control sanctions imposed upon an offender shall not exceed five years. R.C. 2929.15(A)(1).

{¶12} R.C. 2929.16(A) likewise states: "[T]he court imposing a sentence for a felony upon an offender who is not required to serve a mandatory prison term may impose any community residential sanction or combination of community residential sanctions under this section." Community residential sanctions include, but are not limited to, the following:

> (1) A term of up to six months at a community-based correctional facility that serves the county;
>
> (2) Except as otherwise provided in division (A)(3) of this section and subject to division (D) of this section, a term of up to six months in a jail;
>
> * * *
>
> (4) A term in a halfway house;
>
> (5) A term in an alternative residential facility.

*Id.*

**{¶13}** The Ohio Supreme Court explained this sentencing authority as follows in *State v. Amos*, 140 Ohio St.3d 238, 2014-Ohio-3160, 17 N.E.3d 528:

The law also favors the imposition of sentences composed of one or more community-control sanctions, particularly for low-level felonies. See R.C. 2929.13(B)(1) (requiring a community-control sanction of at least one year's duration in specified circumstances) and 2929.15(A)(1) (authorizing a sentence of one or more community-control sanctions when imposition of a prison term is not mandatory). The policy favoring community-control sanctions is a reflection of the general policy in R.C. 2929.11(A) that a sentence should be composed of the "minimum sanctions" necessary to protect the public and punish individuals while not placing an "unnecessary burden" on state and local resources.

A community-control sentence for a felony offender under R.C. 2929.15(A)(1) "consists of one or more community control sanctions authorized pursuant to section 2929.16 [community residential sanctions], 2929.17 [nonresidential sanctions], or 2929.18 [financial sanctions] of the Revised Code." Terms of incarceration in a community-based correctional facility, a halfway house, or a local jail are called "community residential sanctions," and a court sentencing for a felony is authorized to impose "a term of up to six months in a jail." R.C. 2929.16(A). Local probation, day reporting, house arrest, community service, and curfew are classified as "nonresidential sanctions." R.C. 2929.17 ("the court imposing a sentence for a felony upon an offender who is not required to serve a mandatory prison term may impose any nonresidential sanction or combination of nonresidential sanctions"). Restitution, fines, and costs are "financial sanctions." R.C. 2929.18(A). In short, the statutes authorize a broad variety of community-control sanctions, and trial courts are empowered to "impose any other conditions of release under a community control sanction that the court considers appropriate * * *." R.C. 2929.15(A)(1).

Given the general principles set forth above, it seems apparent that the legislature intended that trial courts should have discretion to fashion community-control sentences that punish and protect but do not unnecessarily waste scarce resources.

*Amos* at ¶ 10-12.

**{¶14}** Thus, under R.C. 2929.15, a trial court is authorized to impose one or a combination of sanctions listed in R.C. 2929.14 to 2929.18, when a term of imprisonment is not mandatory. As explained in *State v. Tarbay*, 157 Ohio App.3d 261, 2004-Ohio-2721, 810 N.E.2d 979, ¶ 26 (1st Dist.2004):

There are no set guidelines for determining which sanction or combination of sanctions should be imposed. We note that R.C. 2929.16(A)(1) does permit a trial court to impose a community-control sanction that includes a "term of up to six months at a community-based correctional facility that serves the county."

{¶15} Further, as explained in *State v. Lemaster*, 3d Dist. Union No. 14-03-04, 2003-Ohio-4415, ¶ 12:

The trial court has discretion to decide which community control sanctions to select as part of an offender's sentence. *See* R.C. 2929.13(A) and 2929.15. R.C. 2929.16 and 2929.17 provide seventeen different nonprison sanctions that can be used to impair an offender's freedom, and R.C. 2929.18 provides four kinds of financial sanctions. One such sanction available to the court is listed in R.C. 2929.16(A)(2), which provides that a court may order a term of up to six months in jail as part of an offender's sentence. A "jail" sentence is part of a community control sentence and is not a "prison" sentence. As such, the trial court did not act contrary to R.C. 2929.13(B) and did not, as Lemaster maintains, order him to serve a "dual sentence" by ordering him to serve sixty (60) days in jail as part of his community control. The trial court acted well within its discretion.

{¶16} In accordance with the foregoing, it is clear that the relevant statutory provisions allow for a sentence that includes a combination of the sanctions that are provided in R.C. 2929.14 to 2929.18 for the single offense of escape in Count 2. Therefore, we conclude that the trial court did not err and acted within the relevant statutory provisions when imposing its

sentence on Count 2, as the CBCF and community control sanctions are permissible sanctions in addition to jail time.

{¶17}  The assignment of error is without merit.

{¶18} Judgment is affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

MARY EILEEN KILBANE, JUDGE

KATHLEEN ANN KEOUGH, P.J., and
EILEEN A. GALLAGHER, J., CONCUR