[Cite as *State v. Jones*, 2016-Ohio-1120.]

# Court of Appeals of Ohio

## EIGHTH APPELLATE DISTRICT
## COUNTY OF CUYAHOGA

---

## JOURNAL ENTRY AND OPINION
### No. 102995

---

## STATE OF OHIO

PLAINTIFF-APPELLEE

vs.

## BRIAN JONES

DEFENDANT-APPELLANT

---

## JUDGMENT:
AFFIRMED

---

Criminal Appeal from the
Cuyahoga County Court of Common Pleas
Case No. CR-14-587168-A

**BEFORE:** Kilbane, J., Keough, P.J., and Celebrezze, J.

**RELEASED AND JOURNALIZED:** March 17, 2016

**ATTORNEYS FOR APPELLANT**

Robert L. Tobik
Cuyahoga County Public Defender
John T. Martin
Assistant Public Defender
310 Lakeside Avenue - Suite 200
Cleveland, Ohio      44113

**ATTORNEYS FOR APPELLEE**

Timothy J. McGinty
Cuyahoga County Prosecutor
Frank Romeo Zeleznikar
Assistant County Prosecutor
The Justice Center - 9th Floor
1200 Ontario Street
Cleveland, Ohio 44113

MARY EILEEN KILBANE, J.:

**{¶1}** In this delayed appeal, defendant-appellant, Brian Jones ("Jones"), appeals from the sentence imposed upon his guilty pleas to one count of abduction and two counts of gross sexual imposition. Having reviewed the record and the controlling case law, we affirm.

**{¶2}** On August 12, 2014, Jones was indicted in Cuyahoga C.P. No. CR-14-587168 for rape, kidnapping with a sexual motivation specification, and three counts of gross sexual imposition, all in connection with an assault upon a family member that was alleged to have occurred on February 26, 2014. Jones pled not guilty to the charges, but on May 10, 2015, he entered into a plea agreement with the state. In accordance with this plea agreement, the state dismissed the rape charge and one count of gross sexual imposition, amended the kidnapping charge to the lesser included offense of abduction, and dismissed the sexual motivation specification. Jones then pled guilty to the reduced charge of abduction, in violation of R.C. 2905.02(A)(2), a felony of the third degree, and the two remaining counts of gross sexual imposition in violation of R.C. 2907.05(A)(1), fourth-degree felonies.

**{¶3}** The matter proceeded immediately to sentencing. The court determined that abduction merged with the gross sexual imposition charge in Count 3, and the state elected to proceed on the offense of gross sexual imposition. The state then deferred to the trial court's determination as to whether the gross sexual imposition charges in Counts 3 and 4 merged with one another. The trial court concluded that all of the offenses merged into gross sexual imposition as set forth in Count 3, a fourth-degree felony. The trial court sentenced Jones to 18 months of imprisonment. The trial court also designated Jones as a Tier I sex offender.

**{¶4}** Jones now appeals, assigning the following error for our review:

Assignment Error

The trial court failed to consider whether its sentence utilized the minimum sanctions necessary to accomplish the goals of sentencing without unnecessarily burdening governmental resources.

{¶5} Within this assignment of error, Jones asserts that the trial court erred in ordering him to serve an 18-month term because the court failed to make any findings to demonstrate that the sentence is the minimum sanction necessary without unnecessarily burdening governmental resources.

{¶6} Pursuant to R.C. 2953.08(G)(2), in reviewing felony sentences, the reviewing court must determine whether it "clearly and convincingly" finds that (1) "the record does not support the sentencing court's findings under [R.C. 2929.14(C)(4)]," or that (2) "the sentence is otherwise contrary to law." The statute provides two separate grounds for claiming that a sentence is contrary to law. *State v. Bonds*, 8th Dist. Cuyahoga No. 100481, 2014-Ohio-2766, ¶ 5. First, a sentence is contrary to law if it falls outside the statutory range for the particular degree of offense. *Id.* Second, a sentence is contrary to law if the trial court fails to consider the purposes and principles of felony sentencing set forth in R.C. 2929.11 and the sentencing factors set forth in R.C. 2929.12. *Id.* at ¶ 6. Thus, the trial court "has the full discretion to impose any term of imprisonment within the statutory range, but it must consider the sentencing purposes in R.C. 2929.11 and the guidelines contained in R.C. 2929.12." *State v. Hodges*, 8th Dist. Cuyahoga No. 99511, 2013-Ohio-5025, ¶ 7.

{¶7} With regard to the statutory range of possible penalties, R.C. 2929.13(A) authorizes a court to impose any sanction or combination of sanctions on the offender that are provided in R.C. 2929.14 to 2929.18. Pursuant to R.C. 2929.14(A)(4), the penalty range for fourth-degree felony gross sexual imposition is six, seven, eight, nine, ten, eleven, twelve,

thirteen, fourteen, fifteen, sixteen, seventeen, or eighteen months. Therefore, the eighteen-month sentence imposed herein is within that statutory range.

{¶8} With regard to the statutory requirements, R.C. 2929.11 provides that a sentence imposed for a felony shall be reasonably calculated to achieve two "overriding purposes" of felony sentencing: (1) "to protect the public from future crime by the offender and others" and (2) "to punish the offender using the minimum sanctions that the court determines accomplish those purposes without imposing an unnecessary burden on state or local government resources." R.C. 2929.11. While the burden on resources is a relevant sentencing consideration under R.C. 2929.11(A), a sentencing court is not required to elevate resource conservation above seriousness and recidivism factors. *State v. Luyando*, 8th Dist. Cuyahoga No. 97203, 2012-Ohio-1947, ¶ 14, citing *State v. Burton*, 10th Dist. Franklin No. 06AP-690, 2007-Ohio-1941, ¶ 19.

{¶9} In addition, R.C. 2929.11 requires that "to achieve these purposes, the sentencing court shall consider the need for incapacitating the offender, deterring the offender and others from future crime, rehabilitating the offender, and making restitution to the victim of the offense, the public, or both." R.C. 2929.11(A). The sentence imposed must also be "commensurate with and not demeaning to the seriousness of the offender's conduct and its impact upon the victim" and "consistent with sentences imposed for similar crimes committed by similar offenders." R.C. 2929.11(B).

{¶10} R.C. 2929.12 grants discretion to the trial court to determine the most effective way to comply with the purposes and principles set forth in R.C. 2929.11. In exercising this discretion, the court must consider a nonexhaustive list of factors relating to the seriousness of the offender's conduct and the likelihood of recidivism and may, in addition, consider any other factors relevant to achieving these purposes and principles of sentencing.

**{¶11}** We further note that R.C. 2929.11 and 2929.12 are not factfinding statutes, and consideration of the appropriate factors can be presumed unless the defendant affirmatively shows to the contrary. *State v. Jones*, 8th Dist. Cuyahoga No. 99759, 2014-Ohio-29, ¶ 13; *State v. Conner*, 8th Dist. Cuyahoga No. 99557, 2014-Ohio-601, ¶ 119; *State v. Dodson*, 8th Dist. Cuyahoga No. 100347, 2014-Ohio-2272, ¶ 16. The *Bonds* court explained as follows:

> This court has held that a trial court "fulfills its duty under the statutes by indicating that it has considered the relevant sentencing factors." *Smith*, 8th Dist. Cuyahoga No. 100206, 2014-Ohio-1520, at ¶ 14, citing *State v. Saunders*, 8th Dist. Cuyahoga No. 98379, 2013-Ohio-490, ¶ 4. The trial court "need not go through each factor on the record — it is sufficient that the court acknowledges that it has complied with its statutory duty to consider the factors without further elaboration." *Id.*, citing *State v. Pickens*, 8th Dist. Cuyahoga No. 89658, 2008-Ohio-1407, ¶ 6. In fact, consideration of the appropriate factors set forth in R.C. 2929.11 and 2929.12 can be presumed unless the defendant affirmatively shows to the contrary. *State v. Jones*, 8th Dist. Cuyahoga No. 99759, 2014-Ohio-29, ¶ 13; *State v. Clayton*, 8th Dist. Cuyahoga No. 99700, 2014-Ohio-112, ¶ 7. (Where a criminal sentence is within the statutory limits, an appellate court should accord the trial court the presumption that it considered the statutory mitigating criteria in the absence of an affirmative showing that it failed to do so.)

*Id.,* 8th Dist. Cuyahoga No. 100481, 2014-Ohio-2766, ¶ 7.

**{¶12}** In this matter, the trial court stated:

The Court having considered all the principles and purposes of felony sentencing, all the appropriate recidivism and seriousness factors finds that a prison term is necessary in this matter. That the defendant is not amendable to community control sanctions. Sir, it's a serious matter. And I know that [the victim] has — had a tough life and — but sounds like she's done remarkably well where she is now and that she continues to grow and to work on — not forgetting what happened but dealing with it; and so that she's not victimized in the future and takes the power back that she has. So I'm going to find you're not amendable to community control sanctions. I'm going to sentence you in Count 3 to 18 months in the Lorain Correctional Institution.

{¶13} The court additionally noted the familial relationship of the parties, and that Jones committed the offense when the victim approached him for photos of her deceased mother, both of which exacerbated the nature of the offense. The court acknowledged on the record and in the sentencing journal entry that it complied with its duty to consider the statutory factors. The court was not required to make additional factual findings to demonstrate such compliance. The court stated, "the Court having considered all the principles and purposes of felony sentencing, all the appropriate recidivism and seriousness factors finds that a prison term is necessary in this matter."

{¶14} The court's sentencing journal entry also states that "the court considered all required factors of the law. The court finds that prison is consistent with the purpose of R.C. 2929.11."

{¶15} Accordingly, Jones has failed to affirmatively show, and the record does not indicate, that the trial court failed to consider the statutory factors. Specifically, there is no indication that the court failed to consider the sentence in relation to the burden placed on governmental resources, and no indication that the sentence imposed places an undue burden on governmental resources. The sole assignment of error is overruled.

{¶16} Judgment affirmed.

It is ordered that appellee recover of appellant costs herein taxed.

The court finds there were reasonable grounds for this appeal.

It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution.   The defendant's conviction having been affirmed, any bail pending appeal is terminated.

A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.

_____

_____
MARY EILEEN KILBANE, PRESIDING JUDGE

KATHLEEN A. KEOUGH, P.J., and
FRANK D. CELEBREZZE, JR., J., CONCUR